**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **WAYNE THOMAS** | § | **CIVIL ACTION** |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | **NO. 4:22-cv-2001** |
| **5860 SAN FELIPE, LTD** | § | |
| **Defendant.** | § | |
| | § | **MOTION TO DISMISS** |
| | § | |

**DEFENDANT 5860 SAN FELIPE, LTD'S**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**
**UPON WHICH RELIEF CAN BE GRANTED AND MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant 5860 SAN FELIPE, LTD (sometimes hereinafter referred to as "Defendant"),

hereby files this Motion to Dismiss for Failure to State a Claim Upon Which Relief can be

Granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), and Motion to Dismiss for Lack

of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In support

thereof, Defendant would respectfully show unto the Court the following:

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**
**UPON WHICH RELIEF CAN BE GRANTED**

**I.   BACKGROUND**

1.   Plaintiff Wayne Thomas (hereinafter referred to as "Plaintiff") filed his Complaint on June

21, 2022 alleging violation of Title III of the Americans with Disability Act ("ADA") based

on Defendant's parking lot. Doc. 1. Plaintiff claims to be an "ADA tester"[1] who visits

---

[1] *Thomas v. Turnkey Holdings LLC,* 4:22-CV-00669

1

properties "to determine whether the barriers to access…" have been addressed after filing his Complaints. Plaintiff filed forty-six nearly identical complaints over the past several years[2] and has demonstrated that he is simply a serial litigant with no desire to effectuate change, but only to collect attorneys' fees. Defendant files this Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  SUMMARY OF THE ARGUMENT

2.   Defendant is particularly empathetic to individuals with a physical disability because Defendant's owner personally experienced immobility, having been wheelchair bound for an extended period of time following a plane crash. However, in this case, Plaintiff fails to state a claim upon which relief can be granted because the changes requested by Plaintiff are not "readily achievable."

3.   Defendant's parking lot is required by the City of Houston to have a minimum number of parking spaces. Defendant's site was built and occupied many years prior to the City of Houston's parking requirement and was grandfathered in with its current layout and current uses. As such, it is a legal, non-confirming site.  The alleged barriers about which Plaintiff

---

[2] The same plaintiff's attorneys have also altogether have filed an additional twenty cases with another named plaintiff: *See Scott v. West Bellfort Shopping Plaza LP, 4:22-CV-00269; Scott v. Weingarten Realty Management Company, 4:22-CV-00044; Scott v. Hartman SPE, LLC, 4:22-CV-00039; Scott v. FOUR CORNERS, LLC, 4:22-CV-00004; Scott v. Fuqua Park Row LLC, 4:21-CV-04147; Scott v. Savoy Complex LLC, 4:21-CV-04140; Scott v. West Bellfort Plaza, LLC, 4:21-CV-02606; Scott v. Sy Houston Properties Investments, LLC, 4:21-CV-02479; Scott v. Landi LLC, 4:21-CV-02203; Scott v. Boniuk Interests, Ltd., 4:21-CV-01504; Scott v. Calliope Shopping Center, J.V., 4:21-CV-01471; Scott v. Houston Community College Foundation, 4:21-CV-01370; Scott v. Woodridge 7000 Partners, Ltd, 4:21-CV-0137; Scott v. Crown Business Park, Inc., 4:21-CV-01256; Scott v. Rida Development Group, Inc. et al, 4:21-CV-01250; Scott v. Cypresswood Retail Partners, LLC, 4:21-CV-00213; Scott v. PRSL, Limited, 4:21-CV-00215 Scott v. Store Master Funding VIII, LLC, 4:18-CV-04031;  Scott v. SBH Realty Investments, LLC, 4:18-CV-04021; Scott v. B. J. Investment, Ltd., 4:18-CV-02170.*

2

complains cannot be readily achieved because altering the parking lot will cause Defendant to lose its current legal, non-conforming status, and create irreparable harm to Defendant and its tenants.

4.  Defendant is unable to remove spaces from its parking lot because it would not only violate the current City of Houston Code without the grandfather status, but it would also cause Defendant to lose tenants. There would be insufficient parking spaces for tenants' customers, particularly the restaurant tenants, and thus those tenants would find new space or shut down. It would cause irreparable economic harm to Defendant and cannot be easily accomplishable and carried out without much difficulty or expense." 42 U.S.C. § 12181(9). The effect on expenses and resources to Defendant and its tenants would be too burdensome and result in irreparable harm to Defendant's business.

5.  Additionally, once tenants leave due to lack of parking spaces, Defendant will be unable to replace those tenants because the City only grandfathered in the site with its current layout and uses. Any change to the site, in terms of parking spaces or tenant occupancy, will seriously jeopardize Defendant's ability to replace tenants.

6.  There is no "readily achievable" option available to Defendant. As such, Plaintiff fails to state a claim upon which relief can be granted.

### III. <u>ARGUMENTS AND AUTHORITY</u>

### A.  Legal Standard

5.      "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. " *Wolcott v. Sebelius,* 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008)). To survive a motion to

3

dismiss, a complaint must contain sufficient factual matter which, when taken as true, states "a claim to relief that is plausible on its face." *Bell A. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. The facts alleged must "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56, 127 S.Ct. 1955 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Thus, "the complaint must provide more than conclusions." *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Colony Ins. Co. v. Peachtree Const., Ltd.,* 647 F.3d 248, 252 (5th Cir. 2011)).

6.    Places of public accommodation must "remove architectural barriers... that are structural in nature, in existing facilities... where such removal is readily achievable...."[ 42 U.S.C. § 12182 (b)(2)(iv).] "The term readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Courts place the initial burden to show removal is readily achievable on the plaintiff. *See Roberts v. Royal Atlantic Corp.,* 542 F.3d 363, 373 (2d Cir. 2008); *Gathright-Dietrich v. Atlanta Landmarks,* 452 F.3d 1269, 1273 (11th Cir. 2006) ("[T]he plaintiff has the initial burden of production to show (1) that an architectural barrier exists; and (2) that the proposed method of architectural barrier removal is 'readily achievable,'... under the particular circumstances of the case."); *Kennedy v. Wichita County Heritage Society,* No. 7-06-CV-124-AH, 2008 WL 2511755, at *3 (N.D. Tex. June 23, 2008) ("In the context of an architectural barrier claim, a plaintiff has the initial burden of introducing evidence showing that removal of the barrier is readily achievable.'"); *MacClymonds*

*v. IMI Investments,* No. H-05-2595, 2007 WL 1306803, at *5 (S.D. Tex. Apr. 5, 2007) ("Although the Fifth Circuit has not weighed in on the issue, every court to do so (to date) has put the initial burden on the plaintiff to introduce evidence tending to show that the proposed method of removal of an existing architectural barrier is readily achievable.").

7.      Thus, in order to prevail, Plaintiff has the burden of proving that (1) the existing facility presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable.

### B. Analysis

8.      Plaintiff's Complaint identifies an address at 5860 San Felipe St., Houston, TX 77057 in his Complaint (Doc. 4, ¶6).

### i. Not Readily Achievable

9.      Plaintiff fails to state a claim upon which relief can be granted because removal of the barriers is not readily achievable. At the outset, Defendant notes that Plaintiff's interests do not appear to be in addressing ADA violations because Plaintiff never reached out to Defendant about any alleged barriers prior to rushing to the courthouse. If the concern was making the property accessible, why not reach out to the property owner? Instead, he filed forty-six nearly identical lawsuits with similar arguments.[3] This is a frivolous lawsuit geared at coercing

---

[3] *See Thomas v. Turnkey Holdings LLC,* 4:22-CV-00669; *Thomas v. Analh LLC,* 4:22-CV-0052; *Thomas v. Meyerland Retail Associates, LLC,* 4:22-CV-00427; *Thomas v. Friendswood-518, Ltd,* 3:22-CV-00001; *Thomas v. BK Plazamericas Ltd et al,* 4:21-CV-04099; *Thomas v. Jack In The Box Properties LLC,* 4:21-CV-04080; *Thomas v. Richmond Weslayan, Ltd,* 4:21-CV-03932; *Thomas v. Khan Development, Inc,* 4:21-CV-02518; *Thomas v. KCC Holdings, LLC,* 4:21-CV-02381; *Thomas v. BRE Retail Residual Owner 1, LLC* (4:21-CV-02291); *Thomas v. R&M Shopping Center, Ltd* 4:21-CV-02079; *Thomas v. SGP Katy Corporation LLC* 4:21-CV-01678; *Thomas v. NBB Katy Corporation* 4:21-CV-01675; *Thomas v. 16211 HWY 6, LTD.* 4:21-CV-01484; *Thomas v. Gessner Harwin Properties LP* 4:21-CV-01469; *Thomas v. H & N Investments Group, LLC* 4:20-CV-02590; *Thomas v. DAD Entrepreneurs, LLC* 4:20-CV-02483; *Thomas v. SJR-19806 Timberwind, LLC* 4:20-CV-02481; *Thomas v. Eqyinvest Outparcel Owner, Ltd., LLP et al* 4:20-CV-02432; *Thomas v. M H K Realty of Texas LLC* 4:20-CV-02343; *Thomas v. G5 Pearland Properties, LLC et al* 4:20-CV-02342; *Thomas v. United Equities Incorporated et al* 4:20-CV-00421 ; *Thomas v. Rex Plaza, LP* 4:20-CV-00342; *Thomas v. Rice RE Holdings I et al* 4:20-CV-00258; *Thomas v.*

5

attorneys' fees out of Defendant.

8.      Plaintiff makes the conclusory statement that removal of the barriers is readily achievable, when in fact the opposite is true. The property located at 5860 San Felipe St, Houston, TX 77047, which is owned by the Defendant, was built in 1975. The property was built in accordance with the guidelines promulgated by 1970 Houston Building Code. The Title III violations alleged by the Plaintiff did not exist at the time of construction and did not come into existence for nearly two decades after construction on the Defendant's property was complete. *See* 42 U.S.C. § 12181. It is infeasible for the alleged barriers to be removed without placing an undue burden on the Defendant and its tenants. Changing the entire parking lot is not "readily achievable" due to drainage issues, undue costs, economic hardships, and City codes.

9.      To address Plaintiff's claims, Defendant would be forced to remove parking spaces. Defendant's site, with its current uses, was grandfathered in as a legal, non-conforming site. Removing parking spaces would result in a violation of the current City of Houston Building Codes[4] requiring a certain number of parking spaces because Defendant would lose its legal status previously grandfathered in. Fewer parking spaces will result in less business to tenants and an immediate risk of losing large tenants, including restaurants. As small businesses have struggled to rebuild after COVID, closing the parking lot to make the accommodations and then having fewer parking spaces available means more economic loss to tenants still reeling from the

---

*L.D. Interests Inc.* 4:19-CV-04917; *Thomas v. Houston Business Development, Inc.* 4:19-CV-03832; *Thomas v. CCG Houston I, LP* 4:19-CV-03634; *Thomas v. Denny's, Inc.* 4:19-CV-03613; *Thomas v. Brixmor/IA Spencer Square, LLC* 4:19-CV-01587; *Thomas v. Ampex Investments Trust* 4:19-CV-01040; *Thomas v. Meyerland Court Shopping Center LLC* 4:19-CV-00966; *Thomas v. Mason Provincial LLC* 4:19-CV-00961; *Thomas v. Westside SC Pearland, Ltd.* 4:19-CV-00719; *Thomas v. Whitestone Williams Trace Plaza LLC,* 4:18-CV-01808; *Thomas v. Fort Bend Independent School District et al,* 4:18-CV-00626; *Thomas v. Houston Triangle I, LLC* 4:18-CV-03719; *Thomas v. ANBIL II-RO L.P.* 4:18-CV-03699; *Thomas v. KNA Partners, Inc. et al* 4:18-CV-03707; *Thomas v. Prosperity Global Investment Limited Partnership* 4:18-CV-03455; *Thomas v. Houston Zoo, Inc.,* 4:17-CV-00218.

[4] Defendant asks the Court to take Judicial Notice of the  current building codes.

HOULITIGATION:1766992.1

long-term business effects of COVID. Removing the "barriers" comes at too high a cost, is not easily accomplished, and is not readily achievable.

10.     Further, because the City only accepted Defendants site with its current layout and uses, Defendant will be unable to operate with a different parking lot. It will result in an inability to lease space to new tenants. Shopping centers by their very nature are a mix of tenants and Defendant must be able to continue operating with any new tenant. It will be unable to do so if it alters its parking lot, thus resulting in irreparable harm.

### ii. Alternative Methods already in Place

10,     Plaintiff fails to state a claim upon which relief can be granted because he has failed to show that removal of any architectural barrier is "readily achievable." Further, pursuant to §36.305 of Title III ADA regulations, "where public accommodation can demonstrate that barrier removal is not readily achievable…" the goods and services should be made available through alternative methods such as providing "curb service or home delivery". 28 CFR 36.305. To comply with §36.305, the Defendant's property, where barrier removal is not readily achievable, the goods and services have been made available through alternative methods. The ice cream shop, liquor store, clothing boutique, and every restaurant referenced in the Plaintiff's Complaint offer both delivery and take-out options. Doc. 4. Alternative methods are in place. As such, Plaintiff has failed to state a claim upon which relief can be granted.

### MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### I.     BACKGROUND

10.     Plaintiff Wayne Thomas (hereinafter referred to as "Plaintiff") filed his Complaint on June 21, 2022 alleging violation of Title III of the Americans with Disability Act ("ADA") based

7

HOULITIGATION:1766992.1

on Defendant's parking lot. Doc. 4. Plaintiff is an alleged "ADA tester"[5] who visits properties "to determine whether the barriers to access…" have been addressed after filing his Complaints. Plaintiff and his counsel have filed forty-six almost identical complaints over the past several years[6]. Defendant files this Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.      SUMMARY OF THE ARGUMENT

11.      Plaintiff lacks standing to file this lawsuit because he has failed to establish that he suffered an injury in fact, and thus, this Court lacks subject matter jurisdiction. Plaintiff lacks standing because he has not suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical.'" Plaintiff seeks injunctive relief, but has not a shown real, immediate threat of repeated injury

## III.      ARGUMENTS AND AUTHORITY

### A.      Legal Standard

12.      Federal courts are courts of limited jurisdiction *Kokkonen v. Guardian Life Insurance Company of America,* 114 S. Ct. 1673, 1675 (1994) and the burden of establishing federal jurisdiction rests with the party asserting jurisdiction. *DaimlerChrysler Corp. v. Cuno*, 126 S. Ct. 1854, 1861 n.3 (2006). Defendant moves to dismiss this case based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1) motion. Fed R. Civ. P. 12(b) (1).  "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi,* 143 F.3d 1006, 1010 (5th Cir. 1998). The court may determine

---

[5] *See supra* note 1.
[6] *See supra* note 2.

HOULITIGATION:1766992.1

whether it possesses subject matter jurisdiction over an action by looking to (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrett Computer Services, Inc. v. PDA, Inc*., 884 F.2d 214, 220 (5th Cir. 1989).

13.     The Supreme Court has stated that "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (internal quotations omitted). An element of the case or controversy requirement is that a plaintiff must establish standing to sue. *Raines v. Byrd*, 117 S. Ct. 2312, 2317 (1997) (citing *Lujan v. Defenders of Wildlife*, 112 S. Ct. 2130, 2136-37 (1992)). To have standing, "[a] plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (citing *Lujan*, 112 S. Ct. at 2136). When a case is at the pleading stage, the plaintiff must "clearly...allege facts demonstrating' each element." *Id*. (citing *Warth v. Seldin*, 95 S. Ct. 2197, 2215 (1975)).

14.     The party asserting that subject matter jurisdiction exists, in this case the plaintiff, bears the burden for a 12(b)(1) Motion. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).

15.     To have standing, Plaintiff must establish that he suffered an "injury in fact" which means he must show that he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (citing *Lujan*, 112 S. Ct. at 2130). The ADA affords injunctive relief to disabled persons who are denied opportunities provided by an entity because of their disabilities. 42 U.S.C. § 12188(a). To have standing to seek injunctive relief, a plaintiff must demonstrate a

HOULITIGATION:1766992.1

real, immediate threat of repeated injury: "'Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects.'" *City of Los Angeles v. Lyons*, 103 S. Ct. 1660, 1665 (1983); *see also Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997) (stating that for a plaintiff to have standing to sue for injunctive relief he "must face a threat of present or future harm").

16.     The Fifth Circuit has articulated two different tests ADA plaintiffs can use to demonstrate a threat of future injury: 1) An ADA plaintiff can show that the inaccessibility of a place of public accommodation "actually affects his activities in some concrete way," *Frame v. City of Arlington*, 657 F.3d 215, 236 (5th Cir. 2011); or 2) a plaintiff can show that he intends to return to the out-of-compliance public accommodation. *See Plumley,* 122 F.3d at 312 (requiring that a plaintiff show that the out-of-compliance public accommodation poses a risk of present or future harm to the plaintiff); *see also Gilkerson v. The Chasewood Bank*, 1 F. Supp. 3d 570, 582 (S.D. Tex. 2014) ("[The plaintiff] must plead facts demonstrating that she intends, and is likely, to return to [the out-of-compliance public accommodation] by pointing to such factors as its proximity to her home, her past patronage, the frequency of her travel near that [public accommodation], and her concrete plans to do so and when.").

**B.     Lack of Standing Analysis**

17.     In this case, Plaintiff lacks standing to pursue this action because he has failed to allege an injury in fact. His pleadings fail to establish that he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548. It seems clear from the Complaint that he never

actually attempted to patronize Defendant's businesses. As such, his claims are nothing more than conjectural and hypothetical and do not amount to an injury in fact.

18.     Since Plaintiff seeks injunctive relief under the ADA, he must show that there is a real, immediate threat of present or future injury posed by Defendant's alleged ADA violation. *City of Los Angeles v. Lyons*, 103 S. Ct. at 1665. A fleeting "intent to return" is insufficient.

19.     Rather than showing a real, immediate future threat, Plaintiff has merely asserted a bare violation of the ADA that is nearly identical the forty-six other lawsuits Plaintiff filed in The United States District Court for the Southern District of Texas. Plaintiff wholly failed to plead that the inaccessibility at Defendant's store actually affects his daily activities in some concrete way. *Frame,* 657 F.3d at 23. In fact, the filing of the almost identical lawsuits shows Plaintiff has no intention of returning to Defendant's establishment, because he is interested only in driving around Houston to locate potential ADA violations.

20.     What Plaintiff has shown is that he is a serial litigant who filed at least forty-six identical lawsuits in Houston. *See* Complaints identified in Footnote 3.

21.     Plaintiff filed this suit without prior notice to Defendant. This slew of filings illustrates is the filing of this case was "driven by economics- that is, the economics of attorneys' fees." *Rodriguez v. Investco*, L.L.C., 305 F. Supp. 2d. 1278, 1280–81 (M.D. Fla. 2004)[7] and not based

---

[7] In the *Rodriguez* case, a case in which a quadriplegic and his attorney filed 200 ADA lawsuits, the Court questioned: "Why would an individual like Plaintiff be in such a rush to file suit when only injunctive relief is available? Wouldn't conciliation and voluntary compliance be a more rational solution? Of course it would, but pre-suit settlements do not vest plaintiffs' counsel with an entitlement to attorney's fees." *Id*., at 1281-1282. The *Rodriguez* court admonished the plaintiff's attorney for filing the lawsuit less than a week after learning of the ADA deficiencies and for his failures to encourage voluntary compliance or remedial measures, which would indicate an actual motivation by the plaintiff to improve access. *Id*., at 1281. The Court held that the plaintiff failed to establish any basis for relief under the ADA, and expressed that the plaintiff was "merely a professional pawn in an ongoing scheme to bilk attorney's fees from the Defendant."

In *Jones v. Eagle-North Hills Shopping Centre, L.P,* the Eastern District of Oklahoma found the complete lack of effort by the plaintiff to address an ADA violation outside of litigation to be problematic and noted its inherent power to consider whether litigation is frivolous, and "whether the plaintiff's failure to ask for or to accept

11

on any injury in fact. It is quite unbelievable that plaintiff actually patronized the businesses identified in his various Complaints. If Plaintiff suffered a legitimate injury that was traceable to this Defendant, his Complaint would identify that injury. It does not. This case should be dismissed for lack of subject matter jurisdiction because the Plaintiff lacks standing to sue.

## IV. CONCLUSION

22. Plaintiff's claims against 5860 SAN FELIPE, LTD should be dismissed because 1) he has failed to state a claim for which relief can be granted and 2) based on lack of subject matter jurisdiction because the plaintiff lacks standing to sue. He has wholly failed to establish an injury in fact.

WHEREFORE, PREMISES CONSIDERED, 5860 SAN FELIPE, LTD respectfully requests that this Honorable Court GRANT its Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and/or GRANT its Motion to Dismiss for Lack of Subject Matter Jurisdiction, dismiss Plaintiff's claim, award Defendant its costs and disbursements as provided by law; and for such other and further relief to which Defendant has shown itself justly entitled to receive.

Respectfully submitted,

**MEHAFFYWEBER**

By: */s/ Maryalyce Cox*
Maryalyce Cox
Texas Bar No. 24009203
maryalycecox@mehaffyweber.com
500 Dallas, Suite 2800
Houston, Texas 77002

---

voluntary compliance prior to suit indicates that the plaintiff has acted in bad faith, has been unduly litigious, or has caused unnecessary trouble and expense." 478 F. Supp. 2d 1321 (E.D. Okla. 2007). *See also, Molski v. Mandarin Touch Rest.*, 347 F. Supp. 2d 860, 868 (C.D. Cal. 2004) (finding a plaintiff a vexatious litigant based on his extensive ADA lawsuit history and "boilerplate complaints").

12

Telephone (713) 655-1200
Telecopier (713) 655-0222

**ATTORNEYS FOR DEFENDANT,
5860 SAN FELIPE, LTD**

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the foregoing document was electronically filed with the Court and served through the CM-ECF system to all Counsel of Record registered to receive a Notice of Electronic Filing for this case July 15, 2022.

*Maryalyce Cox*
Maryalyce W. Cox

13

HOULITIGATION:1766992.1