IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WAYNE THOMAS,                        )
an individual,                       )
                                     )    Case No.: 4:22-cv-2001
        Plaintiff,                   )
v.                                   )
                                     )
5860 SAN FELIPE, LTD.,               )
a Texas Limited Partnership,         )
                                     )
        Defendant.                   )
_____      )

## FIRST AMENDED COMPLAINT

Plaintiff, WAYNE THOMAS, through his undersigned counsel, hereby files this First Amended Complaint and sues 5860 SAN FELIPE, LTD., a Texas Limited Partnership, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq*., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. §1367(a).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because the Defendant's Property, which is the subject of this action, is located in Harris County, Texas.

3.      Plaintiff, WAYNE THOMAS (hereinafter referred to as "MR. THOMAS" or "Plaintiff"), is a resident of the State of Texas in Harris County.

4.      MR. THOMAS is a qualified individual with a disability under the ADA.  MR.

THOMAS is paralyzed from the waist down.  MR. THOMAS is a paraplegic and uses a wheelchair as his primary means of mobility.

5.      Due to his disability, Plaintiff is substantially impaired in several major life activities, such as walking and standing, and requires a wheelchair for mobility.

6.      Defendant, 5860 SAN FELIPE, LTD., a Texas Limited Partnership (hereinafter referred to as "Defendant"), is registered to do business in the State of Texas.  Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," which is generally located at 5860 San Felipe St, Houston, TX 77057 and referenced as Account # 0994130000005 in the Harris County Appraisal District property records.

7.      All events giving rise to this lawsuit occurred in the Southern District of Texas.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8.      Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9.      The Property consists of a 26,400 sq. ft. commercial strip mall that was originally constructed in 1975 and remodeled in 2009.  *See* Harris County Appraisal District Property Records, Account # 0994130000005 (https://hcad.org/property-search/real-property/).

10.     The Property has an appraised value of approximately $6.5 million dollars.[1]

11.     The Property is open to the public and provides goods and services to the public.

12.     Plaintiff resides less than ten (10) miles from the subject Property and regularly visits Southwell's Hamburger Grill, which is located there.  The San Felipe Southwell's is the

---

[1] Appraisal value as of January 1, 2022.  *Id.*

2

closest Southwell's Hamburger Grill location to Plaintiff's home.  He also enjoys eating at the TCBY frozen yogurt store located next door.

13.     Plaintiff has future plans to return to this Property to eat at Southwell's Hamburger Grill and TCBY Frozen Yogurt.  Specifically, he has plans to visit again in September 2022 and 3-4 times a year after that.

14.     During his most recent visit, Plaintiff experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this First Amended Complaint. Moreover, but for the inaccessible conditions of the Property, Plaintiff would like to visit the Property more often.

15.     Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to good and services offered at the Property, owned, leased, and/or operated by Defendant.  Additionally, Plaintiff continues to desire to visit the Property because of its convenient location and mix of stores, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

16.     Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.304 *et seq*. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

A.     Plaintiff personally encountered inaccessible parking throughout the Property due to an inadequate number of parking spaces designated as accessible. Specifically, the ADA regulations, which are Federal regulations not subject to local "grandfathering" rules, require this Property to have three (3) parking

3

spaces designated for disabled use. However, only two (2) parking spaces are designated for disabled use. Plaintiff further alleges *infra* that both of those designated disabled use parking spaces are non-compliant on other grounds. *See* ¶16(B)-(E). These conditions made it difficult for Plaintiff to locate and safely use an accessible parking space.

B.  Plaintiff personally encountered inaccessible parking designated for disabled use due to missing signage and lack of an access aisle next to the disabled use parking space servicing the Swoon clothing store. These conditions violate federal ADA regulations. Installing a parking sign to clearly identify the disabled use parking space and re-striping this parking space to include a compliant access aisle is easily accomplishable at a minimal cost, without imposing an undue burden on Defendant or causing irreparable economic harm. Furthermore, installing signage does not require Defendant to alter its parking lot configuration. The missing signage made it difficult for Plaintiff to identify the designated disabled parking space. Additionally, the lack of an access aisle caused Plaintiff to use extra caution to transfer from his vehicle to his wheelchair due to the exposure to its proximity to vehicular traffic.

C.  Plaintiff personally encountered inaccessible parking due to excessive long slopes in the disabled use parking space and designated access aisle in front of Fu's Garden Chinese Restaurant. These conditions violate federal ADA regulations. The excessively sloped parking caused Plaintiff to use extra caution to transfer from his vehicle into his wheelchair because it increased the risk of his wheelchair rolling away or tipping over during transfer, thereby

causing a fall and/or injury. Removal of this barrier is easily accomplishable at a minimal cost, without imposing an undue burden on Defendant or causing irreparable economic harm. Furthermore, removal of this barrier does not require Defendant to alter its parking lot configuration.

D.   Plaintiff personally encountered inaccessible parking due to a built-up curb ramp protruding into the disabled use parking space and designated access aisle in front of Fu's Garden Restaurant. This condition violates federal ADA regulations and caused Plaintiff to use extra caution to transfer from his vehicle into his wheelchair and increased his risk of fall and/or injury. Removal of the non-compliant ramp and constructing a new curb ramp to service this disabled use parking space is easily accomplishable at a minimal cost, without imposing an undue burden on Defendant or causing irreparable economic harm. Furthermore, removal of this barrier does not require Defendant to alter its parking lot configuration.

E.   Plaintiff personally encountered inaccessible ramps throughout the Property due to excessive long slopes, excessive lips and cracks, lack of edge protection and a general state of disrepair. These conditions violate federal ADA regulations and caused Plaintiff to use extra caution to maneuver over the ramps which increased his risk of a fall. Repairing these ramps is easily accomplishable at a minimal cost, without imposing an undue burden on Defendant or causing irreparable economic harm. Furthermore, removal of this barrier does not require Defendant to alter its parking lot configuration.

17.   Upon information and belief, there are other current violations of the ADA and the

ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be identified.

18.     To date, these barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19.     Independent of his intent to return as a patron to the Property because he enjoys the stores located there and its convenient location, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

20.     Removal of the barriers to access located on the Property are readily achievable, structurally feasible, easily accomplishable and can be carried out without much difficulty or expense to Defendant.

21.     Furthermore, removal of the barriers to access located on the Property would not cause irreparable economic harm to, or place an undue burden on, Defendant's ability to conduct its business. Moreover, the repairs demanded herein could be accomplished without requiring the tenants located there to close, and/or could be accomplished during off peak hours to minimize any disruptions.

22.     Removal of the barriers to access located on the Property would not result in Defendant's violation of any current local or municipal codes.

23.     Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

24.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A.    That the Court declare that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

B.    That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.    That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.    That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

By:    */s/ Brian T. Ku*

Brian T. Ku
Attorney-in-charge
S.D. TX No. 3424380
Ku & Mussman, P.A.
18501 Pines Boulevard, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976

Brian@kumussman.com

and

John K. Grubb
Local Counsel
State Bar No. 08553500
John K. Grubb & Associates
2520 Robinhood St., # 500
Houston, Texas 77005
Tel: (713) 702-1808
jgrubb@grubblegal.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of August, 2022, a true and correct copy of the foregoing was submitted to the Clerk of Court using the CM/ECF system, which will generate a Notice of Electronic Filing to all counsel of record.

By: */s/ Brian T. Ku*
    Brian T. Ku