IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WAYNE THOMAS,<br>an individual,<br><br>  Plaintiff,<br><br>v.<br><br>5860 SAN FELIPE, LTD.,<br>a Texas Limited Partnership,<br><br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-4:22-cv-2001 |

**DEFENDANT 5860 SAN FELIPE, LTD's
<u>REQUEST FOR FEES AND COSTS</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, 5860 SAN FELIPE, LTD (hereinafter referred to as "Defendant") and files this, its Request for Fees and Costs, and in support thereof, would respectfully show the Court the following:

### I.   SUMMARY OF ARGUMENT

Defendant prevailed on almost all of Plaintiff's claims and thus is the prevailing party in this action. Defendant is entitled to Attorney's Fees as the prevailing party under the ADA. Alternatively, pursuant to Rule 4(d)(1), Defendant is entitled to its fees and costs incurred

### II.   ARGUMENTS AND AUTHORITY

A. **Prevailing party under ADA**

42 U.S.C. §12205 allows the court to award attorneys' fees in its discretion to the prevailing party. Plaintiff sued for a variety of alleged ADA violations and sought relief in multiple ways, including adding parking spots, which this Court found were not readily achievable. The Court found for Plaintiff in only a single modification. Defendant substantially prevailed and is entitled to its attorneys' fees and costs.

**B. Prevailing Party under FRCP 54(d)(1)**

Federal Rule of Civil Procedure 54(d)(1) allows courts the discretion to award costs to prevailing parties unless a federal statute "provides otherwise." The Rule reads: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The fee and cost-shifting provision of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12205, does not "provide otherwise" and Rule 54(d)(1), governs the award of costs to prevailing ADA defendants.

In *Marx v. General Revenue Corp,*, 568 U.S. 371 (2013), the Supreme Court was asked to clarify when a federal statute "provides otherwise." In *Marx,* Plaintiff brought suit under the federal Fair Debt Collection Practices Act ("FDCPA"), which includes a provision for awarding fees and costs, just like the ADA. *See id*. That provision, as set forth in 15 U.S.C. § 1692k(a)(3), allows a trial court to "award to the defendant attorney's fees . . . and costs" if it finds that the

plaintiff brought its FDCPA action "in bad faith and for the purpose of harassment." Plaintiff appealed an award of attorneys' fees, arguing that the district court lacked authority to award fees and costs because §692k(a)(3) "sets forth the exclusive basis for awarding costs in FDCPA cases" and "the court had not found that she brought the case in bad faith and for the purposes of harassment." 568 U.S. at 375. The Tenth Circuit found that the district court was permitted to award costs under Rule 54(d)(1) because "nothing in the text, history, or purpose of §1692k(a)(3) indicated that it was meant to displace" that Rule. *Id*. at 375–76. The Supreme Court affirmed. *Id*. at 376. "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs," but the Court explained that "the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Id*. at 377. As such, because Rule 54(d)(1) "grants district courts discretion to award costs, a statute is contrary to the Rule"—and thus "provides otherwise"—"if it limits that discretion." *Id*.

Ultimately, the Court concluded that §1692k(a)(3) was not contrary to Rule 54(d)(1). *Id*. at 380.

The analysis under the ADA mirrors the Court's analysis in *Marx*. The ADA's fee- and cost-shifting provision states: In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its

discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual. 42 U.S.C. § 12205. This is exactly the type of statute that the Court in *Marx* held "is not contrary to the Rule because it does not limit a court's discretion." *See* 568 U.S. at 378. Because § 12205 does not "provide otherwise" than Rule 54(d)(1), the Rule controls the awarding of costs to prevailing ADA defendants. See <u>Garcia vs. Gateway Hotel LP</u> (9TH Cir. 21-55926 9/15/23), (trial court did not abuse its discretion when it awarded Defendant costs incurred in successfully defending an ADA lawsuit).

Rule 54(d)(1) gives this court the discretion to award costs to a prevailing defendant. The *Garcia* decision confirmed that a defendant may be awarded costs "at the district court's discretion and without a finding that the action was frivolous, unreasonable or without foundation."

### C. Fees and Costs

Defendant has incurred fees and expenses totaling $37,685.27 in defending this case. Defendant requests this Court award its fees and costs.

### III. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant 5860 SAN FELIPE, LTD, LLC respectfully requests that the Court grant Defendant's

Requests for Fees and Costs, award Defendant $37,685.27, and award Defendant any other relief to which Defendant has shown itself justly entitled.

Respectfully submitted,

**MEHAFFYWEBER, P.C.**

By:*/s/Maryalyce W. Cox*
Maryalyce W. Cox
 State Bar No. 24009203
Bar No. 24009203
One Allen Center
500 Dallas, Suite 2800
Houston, Texas 77002
Telephone - (713) 655-1200
Telecopier - (713) 655-0222
maryalycecox@mehaffyweber.com
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

    This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff August 22, 2024, pursuant to the Federal Rules of Civil Procedure.

*Maryalyce W. Cox*
Maryalyce W. Cox