Case 4:22-cv-02001   Document 78   Filed on 09/06/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 06, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WAYNE THOMAS, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. H-22-2001 |
| v. § | |
| § | |
| 5860 SAN FELIPE LTD., § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Wayne Thomas sued a strip center at 5860 San Felipe in Houston, alleging that the property violated the Americans with Disabilities Act. 42 U.S.C. § 12101, *et seq.* Following a bench trial, the court found that the property owner had to make a readily achievable modification in its curb ramp. The court found that the property owner was not required to make other modifications that Thomas requested, including creating more handicap accessible parking spaces, regrading the parking lot or sidewalks, or putting automatic door openers on the door of each store. (Docket Entry No. 72). The court entered final judgment ordering the property to modify or replace the existing curb ramp adjacent to the Fu's Garden Chinese Restaurant with a dropdown-style curb ramp or a parallel-style curb ramp that does not protrude into the access aisle, to comply with the requirements for an existing facility under the ADA. (Docket Entry No. 73).

The parties have filed cross-motions for an award of attorney's fees. (Docket Entry Nos. 74, 75). For the reasons set out below, the court awards Thomas $83,826.13 in attorneys' fees and $4,528.41 in expenses and costs. The property's motion for fees is denied.

I.  **The Applicable Legal Standard**

The ADA allows a prevailing party to recover reasonable attorneys' fees, including litigation expenses and costs. 42 U.S.C. § 12205. To evaluate the reasonableness of a prevailing party's fee submission, the court uses a two-step process. *Hopwood v. Tex.*, 236 F.3d 256, 277 (5th Cir. 2000); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). First, the court calculates a "lodestar" amount by multiplying the reasonable number of hours spent on the case by reasonable hourly rates. *Id.* Reasonable hourly rates are calculated "according to the prevailing market rates in the relevant community." *McClain v. Lufkin Indus.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 104 (1984)). "The prevailing market rates for similar services by similarly trained and experienced lawyers in the relevant legal community is the established basis for determining a reasonable hourly rate." *Villegas v. Regions Bank*, 2013 WL 76719, at *3 (S.D. Tex. Jan. 4, 2013) (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir.2002)).

The court may apply the twelve factors set out in *Johnson* to the lodestar to decide whether it should be adjusted up or down. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). The *Johnson* factors consist of: (1) the time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained;

2

(9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the proceedings; and (12) awards in similar cases. *Id.*

## II.     Analysis

### A.  The Prevailing Party

Both Thomas and the property claim to be the prevailing party for the purpose of an attorney's fee award. A "'prevailing party' is one who has been awarded some relief by the court." *Salazar v. Maimon*, 750 F.3d 514, 521 (5th Cir. 2014) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001)). Only Thomas has prevailed, by receiving a judgment in his favor on the property's obligation to make a readily achievable modification to the curb ramp. (Docket Entry No. 73). The property has not prevailed; it has merely avoided some of the liability that Thomas sought to impose on it.

The property cites to *Garcia v. Gateway Hotel L.P.*, 82 F.4th 750 (9th Cir. 2023), to support its assertion that it should be awarded its fees because the court may exercise its discretion to do so. (Docket Entry No. 75). The Fifth Circuit has held that a defendant seeking fees under the ADA's fee-shifting provision "may not receive fees 'unless a court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" *No Barriers, Inc. v. Brinker Chili's Texas, Inc.*, 262 F.3d 496, 498 (5th Cir. 2001) (citation omitted); *see also Providence Behav. Health v. Grant Rd. Pub. Util. Dist.*, 902 F.3d 448 (5th Cir. 2018) (denying an award of attorneys' fees to a defendant who could not show that plaintiff's lawsuit was "frivolous, unreasonable, or groundless"). This court granted Thomas a significant part of the relief he sought. (Docket Entry No. 73). There is no basis to find Thomas's lawsuit frivolous or groundless.

### B.  Fees and Costs

The party seeking fees has the burden of showing the number of hours expended by presenting adequate time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The court should exclude from the number of hours any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.* In determining whether the time spent was reasonable, a court examines the billing records to determine whether the attorneys demonstrated adequate billing judgment by "[writing] off unproductive, excessive, or redundant hours." *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The determination of attorneys' fees "should not result in a second major litigation*.*" *Fox v. Vice*, 563 U.S. 826, 839 (2011). Once the fee applicant has submitted "appropriate documentation to meet the burden of establishing entitlement to an award," trial courts should not "become green-eyeshade accountants." *Id.* (internal quotations omitted). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection . . . [such] that trial courts may take into account their overall sense of a suit and may use estimates in calculating and allocating an attorney's time." *Id.*

Thomas's attorneys have provided the court with detailed billing records documenting the time spent on each task of this litigation. (Docket Entry No. 74-3). Thomas's attorneys have also exercised "billing judgment" in writing off 5% of their fees, to account for unproductive or duplicative billing hours. (Docket Entry No. 74-1). Thomas's attorneys' hourly fees are $355 per hour for Mr. Ku and Mr. Mussman, who each have 22 years of litigation experience, (Docket Entry No. 74-6), and $550 per hour for Mr. Grubb, local counsel with 50 years of litigation experience, (Docket Entry No. 74-7), albeit primarily in family law. These fees are comparable to what other courts in this district have found to be reasonable. *Jane Roe/Rachel V. Rose v. BCE Technology Corp.* 2014 WL 1322979, at *3 (S.D. Tex. 2014) ("Courts in and around Houston have

4

found hourly rates between $200 and $600 to be reasonable after considering the experience of the lawyer, the reputation of the firm, and the complexity of the case."); *see also*, *Bowman v. Prida Constr., Inc.*, 568 F. Supp. 3d 779, 784 (S.D. Tex. 2021) (finding that $500 per hour was a reasonable hourly rate in Houston for attorney with 30 years of experience litigating case under ADA and Fair Housing Act on behalf of plaintiff alleging lack of accessibility at apartment building). The hourly fees charged for work performed by paralegals supervised by Thomas's attorneys, $110 per hour, is also commensurate with what other courts in this district have recently found to be reasonable. (Docket Entry No. 74-1). *See, e.g.*, *Winfrey v. Johnson*, No. 4:10-CV-1896, 2023 WL 137768 (S.D. Tex. Jan. 9, 2023) (a $125 per hour was a reasonable rate for paralegals in case where plaintiff was wrongfully charged). The court does not further adjust the lodestar amount of $254,018.60 beyond the 5% write-off that Thomas's attorneys already applied. The court finds the $13,722.48 in other costs and expenses, (Docket Entry No. 74-1), to reasonably and necessarily incurred.

"Where a lawsuit consists of related claims, a [party] who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Branch-Hines v. Hebert*, 939 F.2d 1311, 1322 (5th Cir. 1991) (citation omitted). However, if a prevailing party has "achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." A court making this determination "has discretion" and is not bound by any "precise rule or formula for making the determination." *Martinez v. Refinery Terminal Fire Co.*, No. 2:11-CV-00295, 2016 WL 4594945, at *4 (S.D. Tex. Sept. 2, 2016). Rather, a "court may attempt to identify specific hours that should be eliminated, or it may reduce the award to account for the limited success." *Id.* Since Thomas only prevailed on one of several claims against the property, (Docket Entry Nos. 72, 73), the court

exercises its discretion to reduce the fees award proportionally to account for his limited success. The court awards Thomas 33% of his attorney's fees, $83,826.13, and 33% of the expenses and costs, $4,528.41, incurred in litigating this case.

### C. Conclusion

Thomas seeks reimbursement of $254,018.60 in attorneys' fees and $13,722.48 in litigation expenses and costs. The court awards Thomas $83,826.13 in attorneys' fees and $4,528.41 in expenses and costs, for a total award of $88,354.54. The court denies the property's motion for attorney's fees and costs.

SIGNED on September 6, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge