**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WAYNE THOMAS, | § | |
| an individual, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-4:22-cv-2001 |
| | § | |
| 5860 SAN FELIPE, LTD., | § | |
| a Texas Limited Partnership, | § | |
| Defendant. | § | |

**DEFENDANT 5860 SAN FELIPE, LTD's RESPONSE TO
PLAINTIFF'S SECOND MOTION TO STRIKE DEFENDANT'S REPLY BRIEF
AND MOTION FOR LEAVE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, 5860 SAN FELIPE, LTD (hereinafter referred to as "Defendant") and,

files this Response to Plaintiff's Second Motion to Strike Defendant's Reply Brief [Doc. 85]

and Motion for Leave, and ins support thereof, would respectfully show the Court the following:

**I.      Brief Response**

Plaintiff continues to dump unnecessary filings on this Court, this time in the form of

yet another Motion to Strike. [Doc. 85]. Defendant will not rehash its arguments and will keep

its response brief.

Plaintiff completely misses the point. It was only **after** the court's ruling on a specific

modification did the evidence become available. [Doc. 76.] Defendant argued at trial that all

readily achievable modifications had been made. *See id.*  At Trial Plaintiff's expert provided no

drawings or feasibility studies, only a litany of potential modifications that *may* work. *See id.*

When this Court ordered a specific modification, Defendant attempted to comply. It was **only**

**then** that the Defendant learned the specific modification could not be accomplished because it

would violate the ADA. *See id.* Defendant filed a Motion for New Trial and explained why the

modification could not be accomplished. [Doc. 76.] Plaintiff responded that it did not have all of the drawings, and Defendant supplied them in a Reply brief. The Reply brief was docketed based on the court's docket date of September 27, 2024, for the Response. To the extent the Reply Brief was untimely, Defendant seeks Leave of Court to file it late.

Additionally, Defendant's Reply included a specific response to Plaintiff's expert's report that was submitted with its Response to Defendant's Motion for New Trial, and specifically addressed arguments raised in the Response. Defendant's expert did not "abandon the toilet stall justification" [Do. 85 at p.6] but explained the continuous unobstructed path requirements, just as he did in the original report filed with the Motion for New Trial. Plaintiff's Motion is fraught with misrepresentations of Defendant's expert's report.

The bottom line is that the evidence Defendant submitted was all gathered post-trial when Defendant attempted to comply with the Court's Order and is permissible under Rule 59(e).

## II. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant 5860 SAN FELIPE, LTD, LLC respectfully requests that the Court Deny Plaintiff's Motion to Strike, grant Defendant's Motion for Leave if the Reply Brief is deemed Untimely, and Grant Defendant's Motion for New Trial only as to the portion of its Order relating to modification of the curb ramp, entering a final judgment denying all relief requested by Plaintiff, and for any other relief to which Defendant has shown itself justly entitled.

Respectfully submitted,

**MEHAFFYWEBER, P.C.**

By:*/s/Maryalyce W. Cox*
Maryalyce W. Cox

State Bar No. 24009203
Bar No. 24009203
One Allen Center
500 Dallas, Suite 2800
Houston, Texas 77002
Telephone - (713) 655-1200
Telecopier - (713) 655-0222
maryalycecox@mehaffyweber.com
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on October 25, 2024, pursuant to the Federal Rules of Civil Procedure.

*Maryalyce W. Cox*
Maryalyce W. Cox