AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| Wayne Thomas ) | |
| _Plaintiff_ ) | |
| v. ) | Civil Action No. 4:22-cv-2001 |
| 5860 San Felipe Ltd. ) | |
| _Defendant_ ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: ARC Three Studio, LLC, through its registered agent Garrett M DeLano
4660 Beechnut St. Suite 224, Houston, TX 77096

_(Name of person to whom this subpoena is directed)_

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Notice of Subpoena, attached hereto as Exhibit "A", at "TESTIMONY REQUESTED."

| Place: US Legal Support, 16825 Northcase Drive Suite 900 Houston, TX 77060. All parties will appear via Zoom Video Conferencing. See Notice of Subpoena for link. | Date and Time: 02/07/2025 10:00 am |
|---|---|

The deposition will be recorded by this method: stenographic

☑ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Notice of Subpoena, attached hereto as Exhibit "A", at "DOCUMENT REQUESTS." Please provide the documents by January 29, 2025 to: Brian Ku, Esq., Ku & Mussman, P.A., 18501 Pines Blvd., Suite 362, Pembroke Pines, FL 33029 and email to: brian@kumussman.com.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/10/25

_CLERK OF COURT_

OR _[signature]_

_Signature of Clerk or Deputy Clerk_        _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Plaintiff Wayne Thomas, who issues or requests this subpoena, are:
Brian Ku, Esq., Ku & Mussman, P.A., 18501 Pines Blvd., Suite 362, Pembroke Pines, FL 33029
Email: brian@kumussman.com Tel: (305) 891-1322

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 4:22-cv-2001

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* ARC THREE STUDIO, LLC on *(date)* JANUARY 10, 2025, 2:24 PM.

[X] I served the subpoena by delivering a copy to the named individual as follows: ARC THREE STUDIO, LLC BY AND THROUGH ITS REGISTERED AGENT, GARRRETT M. DELANO AT THEIR PLACE OF BUSINESS LOCATED AT 4660 BEECHNUT STREET SUITE 221 HOUSTON, TX 77096 on *(date)* JANUARY 13, 2025, 4:52 PM; or

[ ] I returned the subpoena unexecuted because: _____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ 73.72.

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: JANUARY 14, 2025

*Server's signature*

William J Kesman, Process Server

*Printed name and title*

VeriServe Solutions, Inc.
11200 BROADWAY ST SUITE 2743, PEARLAND, TX 77584

*Server's address*

Additional information regarding attempted service, etc.:
**DELIVERED:**
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION
FEDERAL RULE OF CIVIL PROCEDURE 45 (C), (D), (E), AND (G) (EFFECTIVE 12/1/13)
NOTICE OF SUBPOENA DUCES TECUM

12489164

# IN THE 1UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| WAYNE THOMAS,<br>an individual,<br><br>    Plaintiff,<br>v.<br><br>5860 SAN FELIPE, LTD.,<br>a Texas Limited Partnership,<br><br>    Defendant.<br>_____ | )<br>)<br>)<br>)  Case No.: 4:22-cv-2001<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **NOTICE OF SUBPOENA DUCES TECUM**

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure and the attached Subpoena that that ARC Three Studio, LLC, through its registered agent Garrett M DeLano, 4660 Beechnut St., Suite 224, Houston, TX 77096. ARC Three Studio, LLC is requested to produce the following described documents, pursuant to the following instructions and definitions. Further, a deposition of ARC Three Studio, LLC will take place on February 7, 2025 at 10:00 a.m. (CST) remotely via Zoom.

You are required to participate remotely. This means that you may attend the deposition via the internet from your residence or at any place within the county of

1

Exhibit "A"

your residence with internet capability sufficient to conduct a and participate in a remote deposition via Zoom. At that date and time, you are to use the link below to log on to the remote deposition.

At the above time and place, the Plaintiff will take the remote deposition by oral examination for purposes of discovery, for use at trial, and for the use as evidence is said cause or both. Said remote deposition will be taken before a Court Reporter and Notary Public or any officer authorized to administer oaths by the laws of the State of Texas. Said remote deposition is to be taken pursuant to the Federal Rules of Civil Procedure. The remote oral examination will continue from hour to hour and from day to day until completed within the limits of the Federal Rules and relevant orders in this matter.

All parties will appear via Zoom Video Conferencing via the following link:

LINK:
https://uslegalsupport.remotecounsel.com/meetings/Zte_jS2q_W4/join

(Select **"Join as Participant"** on the far left of the web browser window

- **Meeting ID:** 963-350-76732
- **Password:** 814887
- **Cameo Room:** Room0316

If you need assistance at any point during your proceeding, please contact us at remotedeposupport@uslegalsupport.com or 888-401-9541 and reference the following meeting number: 785598.

**THE WITNESS SHOULD HAVE A GOVERNMENT-ISSUED IDENTIFICATION TO PROVIDE TO THE COURT REPORTER/NOTARY TO CONFIRM HIS/HER IDENTITY AT THE COMMENCEMENT OF THE DEPOSITION AND BEFORE BEING SWORN.**

**The deponent is also requested to bring the documents listed and described on the sheet attached as Attachment A.**

2

Exhibit "A"

**Please Take Further Notice** that:

1. The deposition will be conducted remotely, using audio-visual conference technology;
2. The court reporter will report the deposition from a location separate from the witness;
3. Counsel for the parties and their clients will be participating from various, separate locations;
4. The court reporter will administer the oath to the witness remotely;
5. The witness will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on camera;
6. Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;
7. All exhibits will be provided simultaneously and electronically to the witness and all participants;
8. The court reporter will record the testimony;
9. The deposition may be recorded electronically; and
10. Counsel for all parties will be required to stipulate on the record:
    a. Their consent to this manner of deposition; and
    b. Their waiver of any objection to this manner of deposition, including any objection to the admissibility at trial of this testimony based on this manner of deposition.

## INSTRUCTIONS AND DEFINITIONS

1. Except as otherwise noted, these requests cover documents in your possession, custody or control including documents maintained at any of your present or former offices, at your attorneys' offices, or elsewhere.

2. The connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the document requests all responses and documents that might otherwise be construed to be outside of its

3

Exhibit "A"

scope.

3. The terms "all," "any," "each," and "every" shall each be construed as both "each" and "every" to bring within the scope of the document request all responses and documents which might otherwise be construed to be outside its scope.

4. The terms "refer," "relate," "reflect," or "concern" shall be construed to bring within the scope of the request all documents that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of the subject matter of the request, including but not limited to all documents that reflect, record, memorialize, discuss, evaluate, consider, review or report the subject matter of the request.

5. The use of the singular shall be deemed to include the plural, and the use of masculine, feminine, or neutral genders shall include each gender, as appropriate in context.

6. If any document requested herein is withheld or redacted on the basis of any claim of attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity, you shall provide a written statement: (a) describing the nature of the document (e.g., letter, memorandum, minutes, telegram, notes, etc.); (b) specifying the date on which the document was prepared; (c)

4

Exhibit "A"

identifying the person(s) who prepared or authored the document; (d) identifying the person(s) to whom the document was sent, copied, or shown; (e) setting forth the subject matter of the document; and (f) stating the privilege or other doctrine pursuant to which the document is being withheld from production and setting forth the basis for such claim of privilege or immunity from production.

7. If any document or part thereof called for by this demand has been destroyed, discarded, or otherwise disposed of, you shall furnish a list setting forth, as to each document or part thereof: (a) the nature of the document (e.g., letter, memorandum, etc.); (b) the name, address, occupation, title and business affiliation of each person who prepared, received, viewed and has or has had possession, custody or control of the document; (c) the date of the document; (d) a description of the subject matter of the document; (e) the date of destruction or other disposition; (f) a statement of the reasons for destruction or other disposition; (g) the name, address, occupation, title and business affiliation of each person who authorized destruction or other disposition; (h) the name, address, occupation, title and business affiliation of each person who destroyed or disposed of the document; and (i) the paragraph(s) of this request which call for the production of the document.

8. All definitions set forth above are in addition to the defined words' standard meanings. If you contend that you do not understand the definition of the

Exhibit "A"

term or phrase used in any request, you should respond to that portion of the request that you do understand and explain what it is that you do not understand with regard to the remainder of the request. If you believe that any request is overbroad in part, you should respond to that portion of the request that you do not consider overbroad and explain why you believe the remainder is overbroad.

9.   "Communicate" or "communication" includes every manner or means of disclosure, transfer, or exchange of information (in the form of facts, ideas, inquiries, or otherwise), whether orally, electronically, by document, telecopier, mail, personal delivery, or otherwise.

10.   "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and includes, without limitation, any type of electronically stored information. "Document" includes all originals, copies, non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise) and drafts, whether printed or recorded (through a sound, video, or other electronic, magnetic, or digital recording system) or reproduced by hand, of the following: letters, correspondence, telegrams, telexes, memoranda, records, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, note pads, notebooks, postcards, "Post-It" or similar notes, stenographic notes, notes,

notebooks, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, contracts, agreements, appraisals, analyses, purchase orders, confirmations, publications, articles, books, pamphlets, circulars, microfilm, microfiche, reports, studies, logs, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, photostats, speeches, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, tape recordings, videotapes, disks, diskettes, data tapes or readable computer-produced interpretations or transcriptions thereof, electronically transmitted messages ("e-mail"), voice mail messages, interoffice communications, material of any sort and in any format maintained or available at any time on the World Wide Web (whether formerly, currently, or both), any metadata associated with any electronically stored information, and any other writings, papers, tangible things and electronically stored information of whatever description.

  11. "You" or "Your" means ARC Three Studio, LLC, and any of Your parents, predecessors, other affiliates, successors, or subsidiaries, including officers, directors, employees, partners, agents, consultants, or any other Person acting or purporting to act on behalf of You or such entities.

  12. "Property", "Subject Property" or "Defendant's Property" refers to the

real property and improvements, generally located at 5860 San Felipe St. Houston, TX 77057, owned by Defendant, 5860 SAN FELIPE, LTD., and referenced in Harris County Appraisal District Record as (HCAD Acct. # 0994130000005). This includes but is not limited to the property identified in Your records as 5866 San Felipe.

## ATTACHMENT A

### I. Testimony Requested

1. Testimony concerning any contracts, work schedules, and/or invoices since June 20, 2022 concerning the Property.

2. Testimony concerning any communications, drafts, surveys, photographs, sketches, reports, drawings, plan proposals, task agreements, recommendations, opinions, permit applications, feasibility studies, and/or pre-design due diligence with respect to any proposed or prospective work You performed concerning the Property.

3. Testimony concerning any communications between You and Parker Atkins, Brian Bernstein or any employee, officer or representative of Defendant 5860 San Felipe, Ltd. or Atkins Engineering and Project Management, LLC since June 20, 2022.

4. Testimony concerning Your project entitled "5866 San Felipe ADA" and/or relating to the Property.

### II. Document Requests

1. Any and all contracts, work schedules, and/or invoices since June 20, 2022 concerning the Property.

2. Any and all Documents since June 20, 2022 (including but not limited to communications, drafts, surveys, photographs, sketches, reports, drawings, plan proposals, task agreements, recommendations, opinions, permit applications, feasibility studies, and/or pre-design due diligence) with respect to any proposed or prospective work You performed concerning the Property.

Exhibit "A"

3. Any and all e-mail correspondence and/or other communications between You and Parker Atkins, Brian Bernstein or any employee, officer or representative of Defendant 5860 San Felipe, Ltd. or Atkins Engineering and Project Management, LLC since June 20, 2022.

4. Any and all Documents relating to Your project entitled "5866 San Felipe ADA" and/or concerning the Property.

                                    Respectfully Submitted,

                                    KU & MUSSMAN, P.A.

By:   */s/ Brian T. Ku*
        Brian T. Ku, Esq.
        Attorney-in-charge
        S.D. Tex. No. 3424380
        Louis I. Mussman, Esq.
        S.D. Tex. No. 2274288
        Ku & Mussman, P.A.
        18501 Pines Boulevard, Suite 362
        Pembroke Pines, FL 33029
        Tel: (305) 891-1322
        Fax: (954) 686-3976
        Brian@kumussman.com
        Louis@kumussman.com

                                    and

        John K. Grubb, Esq.
        Local Counsel
        State Bar No. 08553500
        2520 Robinhood, Ste. 500
        Houston, Texas 77005
        Tel: (713) 702-1808
        jgrubb@grubblegal.com
        *Attorneys for Plaintiff*

Exhibit "A"

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of January 2025, a true and correct copy of the foregoing was served via U.S. Mail to:

Maryalyce W. Cox, Esq.
MEHAFFYWEBER, P.C.
One Allen Center
500 Dallas, Suite 2800
Houston, Texas 77002

By:   <u>/s/ Brian T. Ku</u>   .
Brian T. Ku, Esq.