IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WAYNE THOMAS,<br>an individual,<br><br>    Plaintiff,<br>v.<br><br>5860 SAN FELIPE, LTD.,<br>a Texas Limited Partnership,<br><br>    Defendant.<br>_____ | Case No.: 4:22-cv-2001 |

**PLAINTIFF'S POSITION BRIEF REGARDING ISSUES
TO BE TRIED IN NEW TRIAL AND MOTION FOR
LEAVE TO BRIEF DISPOSITIVE LEGAL ISSUE**

Pursuant to this Court's December 26, 2024, Order, Plaintiff submits this position brief as to "which issues will be before the court in the new trial[.]" D.E. No. 88. Plaintiff additionally seeks leave to brief one legal issue which, if decided in Plaintiff's favor, would be dispositive of the entire case.

# **TABLE OF CONTENTS**

Table of Authorities. .................................................................................................. iv

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ...................... 1

II.  LEGAL STANDARD AS TO SCOPE OF NEW TRIAL ....................... 1

III. PLAINTIFF'S STANDING SHOULD NOT BE RETRIED ................. 2

    A.  Plaintiff's Testimony .......................................................................... 3

    B.  Defendant's 'New Evidence' Fails to Alter the Court's
        Previous Findings or Conclusions on Standing ................................. 3

IV. THE SOLE REMAINING ISSUE IS THE FEASIBILITY OF
    BUILDING A COMPLIANT CURB RAMP AT FU'S GARDEN ........ 5

    A.  One Potentially Dispositive Legal Question Should be Decided
        on Motion before Retrial ..................................................................... 6

        1.  Whether door-swing may overlap an accessible route is a
            purely legal question for the Court to determine and not
            appropriate for expert testimony .................................................. 6

        2.  Resolution of this legal question in Plaintiff's favor would
            fully resolve the feasibility of repairing the curb ramp and
            therefore the case in its entirety ...................................................... 7

        3.  The federal rules enshrine Plaintiff's right to seek judicial
            resolution of purely legal, dispositive issues ............................... 9

        4.  Plaintiff is likely to prevail on the door swing issue ................. 11

    B.  Alternatively, if Defendant Prevails on this Legal Question,
        then Trial should be Limited to the Feasibility of Plaintiff
        Expert's Alternative Curb Ramp Proposals ..................................... 12

V. CONCLUSION ................................................................................ 13

# **TABLE OF AUTHORITIES**

*Cases*

*Auster Oil & Gas, Inc. v. Stream*,
    835 F.2d 597 (5th Cir. 1988) .................................................................................. 2

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ............................................................................................. 10

*Gasoline Products Co. v. Champlin Refining Co.*,
    283 U.S. 494 (1931) ............................................................................................... 2

*Guidry v. Ken Mfg. Co.*,
    598 F.2d 402 (5th Cir. 1979) .................................................................................. 2

*Hadra v. Herman Blum Consulting Eng'rs*,
    632 F.2d 1242 (5th Cir. 1980) ................................................................................ 2

*In re Lower Lake Erie Iron Ore Antitrust Litig.*,
    998 F.2d 1144 (3d Cir. 1993) ................................................................................. 2

*Joseph v. Doe*,
    No. 17-5051, 2021 WL 2313475 (E.D. La. June 7, 2021) ..................................... 6

*Little v. Liquid Air Corp.*,
    37 F.3d 1069 (5th Cir. 1994) ................................................................................ 10

*Lujan v. National Wildlife Federation*,
    497 U.S. 871 (1990) ............................................................................................. 10

*Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*,
    No. 95-739, 2001 WL 228427 (D. Minn. Feb. 27, 2001) ....................................... 5

*Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*,
    401 F.3d 901 (8th Cir. 2005) .................................................................................. 5

*Maxey v. Freightliner Corp.*,
    727 F.2d 350 (5th Cir. 1984) ................................................................... 2

*Richard's Paint & Body Shop, LLC v. BASF Corp.*,
    No. 11-560, 2013 WL 375542 (W.D. Tex. Jan. 30, 2013) ........................ 2

*S.F. by K.F. v. Sch. Dist. of Upper Dublin*,
    No. 17-4328, 2021 WL 1979501 (E.D. Pa. May 18, 2021) ...................... 7

*Small v. Dellis*,
    No. 96-3190, 1997 WL 853515 (D. Md. Dec. 18, 1997) .......................... 7

*Small v. Dellis*,
    211 F.3d 1265 (4th Cir. 2000) ................................................................. 7

*Steelman v. City of Salem*,
    No. 12-191, 2013 WL 1363792 (E.D. Mo. Apr. 4, 2013) ......................... 7

*United States v. Speer*,
    30 F.3d 605 (5th Cir. 1994) ..................................................................... 7

*Westbrook v. Gen. Tire & Rubber Co.*,
    754 F.2d 1233 (5th Cir. 1985) .............................................................. 1, 2

## *Rules*

FED. R. CIV. P. 1 ............................................................................................ 10

FED. R. CIV. P. 56 ........................................................................... 6, 9, 10, 11

FED. R. CIV. P. 59 ............................................................................................ 1

## *Other*

U.S. Dep't of Justice, *ADA Accessibility Standards: Guidance on the 2010
Standards for Accessible Design* (2010) ................................................. 11, 12

Wright and Miller, Federal Practice and Procedure (3d ed.) ............................ 1

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

The sole issue remaining for resolution in the retrial is whether it is feasible for an ADA/ADAAG compliant curb ramp to be installed at the Fu's Garden restaurant. As outlined below, Defendant's efforts to revisit the resolved issue of standing are baseless, harassing, and a waste of judicial resources. Moreover, trial may not be necessary if the Court resolves a purely legal question in Plaintiff's favor: whether the ADAAG regulations prohibit doors from swinging into or overlapping an accessible route. The federal rules guarantee Plaintiff's right to judicial determination of dispositive legal issues, and Plaintiff respectfully requests leave to brief this matter. Alternatively, should the Court resolve this issue against Plaintiff, which is unlikely, the trial should be limited to the feasibility of the alternative curb ramp proposals provided by Plaintiff's expert.

## II. LEGAL STANDARD AS TO SCOPE OF NEW TRIAL

"Rule 59(a) provides that a new trial may be granted 'on all or some of the issues—and to any party…' [and thus] recognizes the court's power to grant a partial new trial." 11 Wright and Miller, <u>Federal Practice and Procedure</u> § 2814 (3d ed.) (quoting FED. R. CIV. P. 59(a)). "It is well settled that a new trial on part of the issues is properly resorted to if 'it clearly appears that the issue to be retried is so distinct and separate from the others that a trial of it alone may be without injustice.'" *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1242 (5th Cir. 1985) (quoting

*Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931)).[1] Thus, "[w]hen a new trial is needed on distinct and separable claims[,] it is entirely appropriate for the court to order only a partial new trial." *Richard's Paint & Body Shop, LLC v. BASF Corp.*, No. 11-560, 2013 WL 375542, at *2 (W.D. Tex. Jan. 30, 2013) (collecting cases).[2]

### III.   PLAINTIFF'S STANDING SHOULD NOT BE RETRIED

Before addressing the issues properly before the Court in the retrial, it is important to note one matter that does not require reconsideration: Plaintiff's standing. There is no 'new evidence' that would alter the Court's prior reasoning or decision on Plaintiff's standing. Further, because the remaining issue for trial—the curb ramp at Fu's Garden—is "distinct and separate" from the issue of standing,

---

[1] The due process concern in *Gasoline Products*, it should be noted, centered on whether the withdraw of certain issues from the jury during a retrial impinges upon the "constitutional right to a trial by jury." 283 U.S. at 497; *see also In re Lower Lake Erie Iron Ore Antitrust Litig.*, 998 F.2d 1144, 1182 (3d Cir. 1993) (discussing *Gasoline Products* in context of "Seventh Amendment problems…when separate juries determine fact of damage and amount of damages"). This concern does not apply in the context of bench trials, where jury considerations are not at issue and the same fact-finder oversees both trials.

[2] *See also Auster Oil & Gas, Inc. v. Stream*, 835 F.2d 597, 604 at n. 6 (5th Cir. 1988) (remanding for a new trial on the issue of punitive damages only); *Maxey v. Freightliner Corp.*, 727 F.2d 350, 352 (5th Cir. 1984) (ruling that the new trial should be limited to the issue of exemplary damages); *Hadra v. Herman Blum Consulting Eng'rs*, 632 F.2d 1242,1245 (5th Cir. 1980) (rejecting argument that the district court erred in granting new trial only as to the issue of damages arising from breach of contract); *Guidry v. Ken Mfg. Co.*, 598 F.2d 402, 407 (5th Cir. 1979) (remanding case for retrial on just the cross-claim for contribution).

there is no basis for revisiting standing during the retrial.[3]

### A.   Plaintiff's Testimony

This Court found that Plaintiff has standing to bring this claim. As discussed in his trial testimony, Plaintiff visited the Property (including multiple stores thereat) multiple times. D.E. No. 66 at 31:1-2, 31:22 – 32:8 (noting Plaintiff's visits to Southwell's, TCBY yogurt shop, and a convenience store at the Defendant's property). As to his intent to return, Plaintiff testified that there were multiple shops that interested him; he also liked the hamburgers at Southwell's and yogurt shop. *Id*. at 32:21 – 33:3, 47:21-25, 53:6-16.  When pressed repeatedly at trial about an alternate Southwell's and yogurt shop purportedly closer to his house (which they are not), he explained that when he found food he liked and "think[s] it's good, I'm going to go right back to the same place that I remember where I went.  I don't really go around looking for other spots." *Id*. at 53:14-16.

### B.   Defendant's 'New Evidence' Fails to Alter the Court's Previous Findings or Conclusions on Standing

In finding Plaintiff had standing, the Court reasoned as follows:

---

[3] This is consistent with this Court's comments at the December 18, 2024 hearing. Granting Defendant's Motion for New Trial, the Court discussed the potential scope of the trial, stating " If you think it most efficient and beneficial to focus solely on the question of this one [curb ramp] change, fine. If you think that it would be more helpful to expand options that should be considered, that's also fine, but I want you guys to discuss. If you disagree, I'll, obviously, decide." Dec. 8, 2024 Transcript at 11:12-16.

> Mr. Thomas has showed both that he visited the Property several times in the past and intends to visit the Property again…Mr. Thomas's testimony is plausible, because he has revisited other properties he sued for ADA noncompliance, and because he has articulated a specific desire to buy burgers at one of the restaurants…That Mr. Thomas has not visited every store in the Property, or that not every store in the Property is of interest to Mr. Thomas, is not persuasive on the issue of standing because of the variety of businesses available at the Property. Similarly, the fact that Mr. Thomas lives 12 miles from the Property is not dispositive because that has not stopped Mr. Thomas from visiting the Property at least three times in the past. Mr. Thomas's claim that he would visit the Property to see if it became compliant has been accepted by the court as a valid reason for a return visit in other ADA cases.

Mem. & Opinion, D.E. No. 72 ("Opinion") at 12 (citations removed).

Defendant now argues that its 'new evidence'—namely, that "Southwell's uses multiple cooks, not a single chef" (D.E. No. 76-2 at ¶ 2)—would have somehow altered the Court's analysis outlined above. This argument, however, is entirely without merit. This Court cited multiple reasons in support of its standing finding (of which the burgers at Southwell's are just one), which is further supported by its factual findings as well as the testimony of Plaintiff at trial. A plain reading of the Opinion shows that the Court did not hinge its standing finding on Southwell's, and even if it did, the Court merely noted that Plaintiff "articulated a specific desire to buy burgers at one of the restaurants" (Opinion at 12). Further, Plaintiff did not testify that he liked the burgers at Southwell's solely "because he likes the chef" (Def. Mot. at 12), but rather because "he liked the way the burgers were prepared"

4

(Opinion at 3-4). Finally, counsel for Defendant admitted at trial that the Southwell's in question is "about the same distance" as another Southwell's near Plaintiff's house, contrary to their numerous representations to the contrary. D.E. No. 66 at 52:14. Consequently, Defendant's 'new evidence' on standing has no bearing on the findings of fact and law previously reached by this Court.

The issues of Plaintiff's standing and whether the curb ramp at Fu's Garden is technically feasible to repair under the ADA/ADAAG are unquestionably 'distinct and separate' from one another.[4] As this Court has already resolved the issue of standing at trial—and Defendant's new evidence does not affect the Court's factual findings on that issue—there is no basis for relitigating it.

## IV. THE SOLE REMAINING ISSUE IS THE FEASIBILITY OF BUILDING A COMPLIANT CURB RAMP AT FU'S GARDEN

The sole issue appropriate for retrial is the feasibility of building an ADA-compliant curb ramp at Fu's Garden. As outlined below, a single purely legal question is dispositive of the case if resolved in Plaintiff's favor and should be decided prior to trial. Should Defendant prevail on this legal issue, the trial should

---

[4] "For issues to be clearly separable, factual determinations should be unique to each phase of the trial and not require reexamination by a second jury or the same jury during a later phase of the trial." *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, No. 95-739, 2001 WL 228427, at *2 (D. Minn. Feb. 27, 2001), *aff'd*, 401 F.3d 901 (8th Cir. 2005). This is plainly the case here, where a Plaintiff's intent to return to a property is a factual determination completely divorced from the ADAAG compliance of a particular curb ramp.

5

be limited to the three alternative curb ramp proposals presented by Plaintiff's expert.

### A.    One Potentially Dispositive Legal Question Should be Decided on Motion before Retrial

Before the retrial, Plaintiff must be afforded the Rule 56 procedural right to have this Court address a purely legal question—introduced by Defendant for the first time post-trial—which would be dispositive of the curb ramp issue if resolved in Plaintiff's favor. The parties agree that the width of the existing sidewalk at the Property is 101 inches and the minimum width of any accessible route must be at least 32 inches. The dispositive question here is: Whether the measured width of an accessible route, for purposes of ADA/ADAAG compliance, must be reduced by the space occupied by the temporary door swing of an open door. If the court's answer is 'no', then there is absolutely no path forward for Defendant, even accepting all of its other factual averments as true, because the accessible route along its sidewalk will still be greater than 32 inches wide.

### 1.    Whether door-swing may overlap an accessible route is a purely legal question for the Court to determine and not appropriate for expert testimony

It is a well-established principle that expert "testimony must not cross the borderline long recognized by this court between a 'mere explanation of the expert's analysis of the facts' and a 'forbidden opinion on the 'ultimate legal issue' in the case." *Joseph v. Doe*, No. 17-5051, 2021 WL 2313475, at *4 (E.D. La. June 7, 2021)

(quoting *United States v. Speer*, 30 F.3d 605, 610 (5th Cir. 1994)).  This includes the interpretation of regulations (including the ADAAG), which are the providence of the court, not experts. *See, e.g., Small v. Dellis*, No. 96-3190, 1997 WL 853515, at *4 (D. Md. Dec. 18, 1997), *aff'd*, 211 F.3d 1265 (4th Cir. 2000) ("the question of interpretation posed by the Accessibility Guidelines are legal questions within the competence of the court to resolve on summary judgment"); *Steelman v. City of Salem*, No. 12-191, 2013 WL 1363792, at *6 (E.D. Mo. Apr. 4, 2013) ("any matter of law, *e.g.*, proper interpretation of the ADAAG, is for the Court [and not a party's expert] to determine"); *S.F. by K.F. v. Sch. Dist. of Upper Dublin*, No. 17-4328, 2021 WL 1979501, at *9 (E.D. Pa. May 18, 2021) ("interpretation of the ADA's accessibility standards are legal questions for the court to decide" and "court cannot defer to [parties' expert] opinions").

Accordingly, this Court should resolve the 'door swing' ADAAG interpretations on summary judgment, and should neither permit nor rely on expert testimony as to this ultimate legal issue.

> **2. Resolution of this legal question in Plaintiff's favor would fully resolve the feasibility of repairing the curb ramp and therefore the case in its entirety**

Resolving this purely legal question on the papers is not only necessary to safeguard Plaintiff's procedural rights (as explained below), but also conserves *significant* judicial resources.  If this issue is decided in Plaintiff's favor, it would

7

entirely resolve the curb ramp repair feasibility issue—the sole remaining issue for trial.

Defendant's purportedly 'new evidence' regarding the alleged impossibility of constructing an ADAAG-compliant curb ramp at Fu's Garden focuses on the width of the accessible route along the sidewalk in front of the restaurant. Specifically, Defendant incorrectly claims that installing the curb ramp, as ordered by the Court, would reduce the accessible route along the sidewalk at Fu's Garden to less than 32 inches. According to Defendant:

1. The ADAAG requires an accessible route to be at least 32 inches wide. Atkins Engineering Report, D.E. No. 76-1 ("Atkins Report") at ¶ 4.

2. The width of the existing sidewalk at Fu's Garden is 101 inches. *Id.* ¶ 3.

3. Installing an otherwise compliant curb ramp would reduce the accessible route by 36 inches, leaving 65 inches, i.e., 101in.-36 in. *Id.* ¶ 2.

4. An additional 5 inches must be subtracted to account for handrails along the ramp, leaving 60 inches, i.e., 65in.-5in. *Id.*

5. The 36-inch width of the Fu's Garden's entrance door must also be subtracted because it would temporarily impede the accessible route, leaving only 24 inches, i.e., 60in-36in. *Id.* ¶ 3.

Plaintiff agrees that points 1-3 above are accurate statements of the existing conditions and the associated ADA/ADAAG requirements. However, even if

8

Defendant's first four assertions are accepted as true,[5] Defendant's argument collapses unless the Court resolves this purely legal issue (the door swing in No. 5, *supra*) in its favor. Without such a ruling, Defendant must concede that it could install a compliant curb ramp while maintaining the required 32-inch accessible route width of the sidewalk. In fact, by Defendant's own math, they would be left with a 60-inch wide accessible route along the sidewalk, nearly double the requirement. Thus, if Plaintiff prevails on the door swing legal issue, the entire case must be resolved in Plaintiff's favor.

### 3. The federal rules enshrine Plaintiff's *right* to seek judicial resolution of purely legal, dispositive issues

Plaintiff is entitled to and must be granted the opportunity to brief this entirely dispositive issue. Rule 56 allows a party to "move for summary judgment" on issues where "there is no genuine dispute as to any material fact and the movant is *entitled* to judgment as a matter of law." FED. R. CIV. P. 56(a) (emphasis added). Additionally, Plaintiff is entitled to have the Court "state on the record the reasons for granting or denying the motion." *Id*.

The Supreme Court has emphasized that the "[s]ummary judgment procedure is properly regarded…as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"

---

[5] Unlike standard ramps, curb ramps do not require handrails. See 2010 ADAAG 406.1; 1991 ADAAG 4.8.5 ("[h]andrails are not required on curb ramps…").

*Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting FED. R. CIV. P. 1). Rule 56, therefore, "must be construed with due regard… for the rights of persons opposing…defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." *Id.*

The Fifth Circuit has emphasized that access to the summary judgment procedure is a right, not a privilege. As the Court explained:

> The Supreme Court has instructed us that the purpose of Rule 56 is to 'enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.' …To be certain, Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990) and *Celotex*, 477 U.S. at 322) (emphasis on 'mandates' in original). Put plainly, a plaintiff should not be forced to litigate a costly trial "when the defendant has a meritless defense that can be resolved on motion for summary judgment." *Id.* at 1076.

This purely legal issue—whether a temporarily opened door constitutes an impermissible obstruction of an accessible route—was only raised by Defendant in its post-trial briefing in its Motion for New Trial. (D.E. No. 76). In accordance with

10

clear Fifth Circuit precedent, Plaintiff must be afforded the opportunity to brief this dispositive issue under Rule 56.

### 4. Plaintiff is likely to prevail on the door swing issue

If the Court grants Plaintiff leave to file a motion for summary judgment on this dispositive legal issue, Plaintiff is highly likely to prevail. Such a ruling in Plaintiff's favor would completely eliminate Defendant's 'not readily achievable' argument concerning the curb ramp at issue.

Where a closed door is built into an environment, the door swing is allowed to temporarily encroach into an accessible route. The ADAAG regulations only prohibit door swings into required floor and ground space in the following "specific instances":

- clear floor space at controls for automatic and power assisted doors and gates (ADAAG 404.3.5);

- fixture clearances in toilet and bathing facilities (except those that are single user where wheelchair space beyond the door swing is provided) (ADAAG 603.2.3);

- clear floor space required at benches in saunas and steam rooms (ADAAG 612.2);

- clear floor space required at tactile signs, which must be beyond the arc of any door swing between the closed position and 45 degree open position (ADAAG 703.4.2); [and]

- dressing, fitting, or locker rooms unless wheelchair space is provided beyond the arc of the door swing (ADAAG 803.3).

11

> **In other locations, doors can swing into clear floor or ground space, although locating door swing outside required clearances is advisable.**

U.S. Dep't of Justice, *ADA Accessibility Standards: Guidance on the 2010 Standards for Accessible Design* (2010) ("DOJ Guidance") at Chapter 3: Common Questions.[6] (emphasis added).

None of the exceptions outlined above are applicable here. As Plaintiff has previously explained, Defendant's assertion that the ADAAG construes sidewalks as toilet stalls is patently absurd. *See* Pl. Opp. to Mot. for New Trial, D.E. No. 80, at 9-10; *see also* Sullivan Affidavit, D.E. No. 80-1 ("Sullivan Aff.") at ¶¶ 23-24. Moreover, ADAAG 405.7.5 is affirmatively clear that maneuvering clearance at a door-swing is even permitted to overlap with ramp landing areas, a similar condition as at play here.[7]

### B. Alternatively, if Defendant Prevails on this Legal Question, then Trial should be Limited to the Feasibility of Plaintiff Expert's Alternative Curb Ramp Proposals

In the unlikely event that Defendant prevails on the ADAAG interpretation

---

[6] Avail. at https://www.access-board.gov/ada/guides/chapter-3-clear-floor-or-ground-space-and-turning-space/#can-doors-swing-into-required-clear-floor-or-ground-space.

[7] *See also, e.g.,* ADAAG 405.7.5 ("[w]here doorways are located adjacent to a ramp landing, maneuvering clearances required by 404.2.4 and 404.3.2 shall be permitted to overlap the required landing area").

discussed above regarding door swing, trial should be limited to the feasibility of Plaintiff expert's alternative curb ramp proposals. These include construction of a parallel or perpendicular ramp (built with a partial extension of the sidewalk between the sidewalk and the parking wheel-stops and/or offset to the left or right of the Fu's Garden entrance doors). Sullivan Aff. ¶¶ 11, 25-38.

## V. CONCLUSION

For the reasons outlined above, Plaintiff respectfully requests that the Court grant leave to brief the door swing issue, as resolving this matter in Plaintiff's favor is dispositive and would eliminate the need for retrial. Should the Court resolve this issue in Defendant's favor, which is unlikely, the trial should be limited to addressing the feasibility of Plaintiff's expert's alternative curb ramp solutions.

DATE: January 17, 2025　　　　　　　Respectfully submitted,

                                        **KU & MUSSMAN, P.A.**

By:　*/s/ Brian T. Ku*
Brian T. Ku, Esq.
Attorney-in-charge
S.D. Tex. No. 3424380
Louis I. Mussman, Esq.
S.D. Tex. No. 2274288
18501 Pines Boulevard, Suite 362
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Brian@kumussman.com

and

John K. Grubb, Esq.
Local Counsel
State Bar No. 08553500
2520 Robinhood, Ste. 500
Houston, Texas 77005
Tel: (713) 702-1808
jgrubb@grubblegal.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of January, 2025, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send notice of electronic filing to all counsel of record.

　　　　　　　　　　　　　　　　　By:　*/s/ Brian T. Ku*
　　　　　　　　　　　　　　　　　　　　Brian T. Ku