**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WAYNE THOMAS, an individual, | ) ) ) | |
| Plaintiff, | ) ) | Case No.:  4:22-cv-2001 |
| v. | ) ) | |
| 5860 SAN FELIPE, LTD., a Texas Limited Partnership, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S SECOND
MOTION FOR ATTORNEY'S FEES AND RELATED EXPENSES**

Plaintiff, Wayne Thomas ("Plaintiff"), by and through undersigned counsel,
files this memorandum in support of Plaintiff's Second Motion for Attorney's Fees
and Related Expenses, and states as follows:

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. ...................................................................iv-v

ISSUES PRESENTED................................................................................ 1

STATEMENT OF THE CASE.................................................................... 2

    I.   Nature of the Case........................................................................ 2

    II.  Stage of the Proceedings .............................................................. 2

INTRODUCTION AND SUMMARY OF ARGUMENT ............................ 3

RELEVANT PROCEDURAL HISTORY ....................................................... 4

ATTORNEY HOURS EXPENDED AFTER AUGUST 22, 2024 ................ 9

LEGAL STANDARD.............................................................................. 12

LAW AND ARGUMENT ....................................................................... 13

    I.   Plaintiff Prevailed on 100% of the Post-Judgment Relief
        Sought by Defendant.......................................................... 13

    II.  The Court's Prior Fee and Expenses Award Should Be
        Reaffirmed Plus Interest Pursuant to 28 U.S.C. § 1961 .................. 14

    III.  Plaintiff Should be Awarded Supplemental Attorney's Fees
        of $111,116, Representing his Full Lodestar Subject to
        Billing Judgment, Plus Interest Pursuant to 28 U.S.C. § 1961........ 15

        A.   Plaintiff's Hourly Rates are Reasonable ................................. 16

        B.   The Number of Hours is Reasonable ...................................... 17

C.    The *Johnson* Factors Do Not Warrant a Lodestar
Reduction, as Plaintiff Achieved Complete Success as
to Post-Trial Objectives ............................................................. 19

D.    Post-Judgment Interest Pursuant to 28 U.S.C. § 1961 ............. 20

IV.  Plaintiff's Supplemental Litigation Costs and Related Expenses
Should be Reimbursed .................................................................... 20

A.    Costs Taxed Pursuant to 28 U.S.C. § 1920 .............................. 21

B.    Additional Costs and Expenses Pursuant to
42 U.S.C. § 12205 .................................................................... 22

CONCLUSION ....................................................................................... 23

# TABLE OF AUTHORITIES

## *Cases*

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*,
　　532 U.S. 598 (2001)................................................................................ 13

*Gates v. Collier*,
　　616 F.2d 1268 (5th Cir. 1980) ............................................................... 14

*Hawthorne v. KS Mgmt. Servs., LLC*,
　　No. 17-2350, 2022 WL 2136900 (S.D. Tex. May 17, 2022) .................... 22

*Herridge v. Montgomery County*,
　　No. 19-4259, 2024 WL 5059167 (S.D. Tex. Dec. 10, 2024).................... 20

*Hopwood v. Texas*,
　　236 F.3d 256 (5th Cir. 2000) ................................................................. 12

*Johnson v. Callanen*,
　　No. 22-409, 2024 WL 4580417 (W.D. Tex. Aug. 27, 2024) .................... 22

*Johnson v. Ga. Highway Express, Inc.*,
　　488 F.2d 714 (5th Cir. 1974) ................................................................. 12

*Marks v. Prattco, Inc.*,
　　633 F.2d 1122 (5th Cir. 1981) ............................................................... 16

*McClain v. Lufkin Indus.*,
　　649 F.3d 374 (5th Cir. 2011) ................................................................. 12

*Migis v. Pearle Vision, Inc.*,
　　135 F.3d 1041 (5th Cir. 1998) ............................................................... 12

*Mota v. Univ. of Tex. Houst. Ctr.*,
　　261 F.3d 512 (5th Cir. 2001) ................................................................. 21

*No Barriers, Inc. v. Brinker Chili's Texas, Inc.*,
262 F.3d 496 (5th Cir. 2001) ........................................................ 16

*Rizzo v. Children's World Learning Centers, Inc.*,
173 F.3d 254 (5th Cir. 1999) ........................................................ 16

*Salazar v. Maimon*,
750 F.3d 514 (5th Cir. 2014) ........................................................ 13

*Thomas v. 5860 San Felipe Ltd.*,
No. 22-2001, 2024 WL 4108774 (S.D. Tex. Sept. 6, 2024) …………12, 17

*Villegas v. Regions Bank*,
2013 WL 76719 (S.D. Tex. Jan. 4, 2013).................................... 12

*Walker v. U.S. Dep't of Housing & Urban Dev.*,
99 F.3d 761 (5th Cir. 1996) ........................................................ 18

*Watkins v. Fordice*,
7 F.3d 453 (5th Cir. 1993) .......................................................... 18

*Wells v. Hutchinson*,
499 F. Supp. 174 (E.D. Tex. 1980) ............................................. 14

*Weyant v. Okst*,
198 F.3d 311 (2d Cir. 1999)……………………………………...15-16

## **Statutes and Regulations**

28 U.S.C. § 1920……………………………………….…...…20, 21, 23

28 U.S.C. § 1961……………………………………….…1, 3, 14-15, 20

42 U.S.C. § 12205……………………………………...…3, 12, 15, 20, 22

## ISSUES PRESENTED

1.  Should Plaintiff be awarded $111,116.50 in additional attorney's fees for time incurred since August 22, 2024?

2.  Should Plaintiff be awarded $6,533.36 in additional litigation costs and related expenses incurred since August 22, 2024?

3.  Is Plaintiff entitled to post-judgment interest on the initial attorney's fee award under 28 U.S.C. § 1961, in the amount of $6,490 plus $11.18 per day beginning March 27, 2026?

4.  Is Plaintiff entitled to post-judgment interest on any supplemental attorney's fee award under 28 U.S.C. § 1961, in the amount of $151.76 plus $10.84 per day beginning March 27, 2026?

## STATEMENT OF THE CASE

### I.    Nature of the Case

Plaintiff, who is a paraplegic, brought this case under the Americans with Disabilities Act ("ADA") after visiting the Defendant's property, a shopping plaza, and encountering barriers to access which affect his disability. Plaintiff alleges that Defendant's property does not comply with the ADA under the existing construction standard, that it is readily achievable to remove said barriers and that he is sure to be harmed again unless the barriers are removed.

### II.    Stage of the Proceedings

This case was tried as a bench trial before the Honorable Lee Rosenthal on May 16-17, 2024, and Final Judgment was entered in the Plaintiff's favor on August 8, 2024. [D.E. 73]. On September 4, 2024, Defendant moved for a new trial, contending that Plaintiff lacked standing and that the curb ramp modification ordered by the Court could not be completed in a way that complies with the ADA. [D.E. 76]. Following extensive motions practice, the Court on March 13, 2026, granted Plaintiff's Motion for Entry of Judgment without a new trial, and declined to disturb the original Final Judgment. [D.E. 107]

2

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Pursuant to 42 U.S.C. § 12205 and 28 U.S.C. §§ 1920, 1961, Plaintiff moves for an award of his reasonable attorney's fees, costs, litigation expenses, and post-judgment interest. In an abundance of caution, Plaintiff asks this Court to reaffirm its previous award of $88,354.54 *See* [D.E. 78]. Plaintiff further seeks an additional $111,116.50 in fees and $6,533.36 in expenses for time spent successfully defending the court's original judgment issued September 6, 2024. Plaintiff also seeks post-judgment interest on fees pursuant to 28 U.S.C. § 1961 and the law of this Circuit.

Before turning to the analysis, it bears emphasizing how these proceedings arose. This is not a circumstance in which Plaintiff initiated additional litigation requiring the Court to determine what efforts were necessary to prevail. Rather, Defendant elected to pursue post-judgment relief in an attempt to disturb this Court's final judgment, advancing a meritless contention that the exterior sidewalk should be treated as a toilet stall under the ADAAG regulations. In asserting these meritless arguments and attempting to relitigate the same issues which were already addressed at trial, Defendant forced Plaintiff to expend large amounts of time and costs which should not have been necessary. Having chosen that course, Defendant cannot now avoid the resulting consequences or the black letter law providing for reimbursement of fees, costs, and interest in civil rights matters.

3

For all of the reasons provided below, as well as in Plaintiff's original fee application, Plaintiff's motion should be granted in its entirety.

## RELEVANT PROCEDURAL HISTORY

This is the second time Plaintiff has prevailed in this litigation.[1] Following two years of litigation, culminating in a two-day May 2024 bench trial, the Court entered judgment in Plaintiff's favor, finding that Defendant's property violated the Americans with Disabilities Act ("ADA") and ordering Defendant to modify the curb ramp adjacent to the Fu's Garden Chinese Restaurant. *See* [Mem. & Order, D.E. 72], [Final Judgment, D.E. 73].

On August 22, 2024, Plaintiff moved for fees and expenses. See [Mem. in Supp. of Pl.'s Fee Mot., D.E. 74-1]. Plaintiff sought $13,722.48 in expenses and $254,108.60 in attorney's fees, reflecting 742 hours billed at rates of $110 for paralegal work, $355 for Attorneys Ku and Mussman, and $550 for Attorney Grubb. *Id*. at 2, 7.

The Court issued its Order on Plaintiff's fee application on September 6, 2024. [Mem. & Order, D.E. 78]. In that Order, the Court made several findings, including

---

[1] The procedural history of this action is well known to the Court. For purposes of this (second) fee application, Plaintiff focuses primarily on the key developments since the filing of the original fee motion [D.E. 74], while also addressing earlier events only to the extent they bear on the present motion.

4

that: (a) Plaintiff submitted detailed billing records documenting the time expended on each task; (b) Plaintiff exercised billing judgment by writing off five percent of the fees; (c) the hourly rates were reasonable; and (d) the requested $13,722.48 in expenses were reasonably and necessarily incurred. *Id*. at 4-5. The Court further concluded, however, that "since Thomas only prevailed on one of several claims against the property, … the [C]ourt exercise[d] its discretion to reduce the fees award proportionally to account for his limited success." *Id*. at 5–6. As the Court explained, although Plaintiff prevailed on the curb ramp at Fu's Garden, he did not succeed on claims relating to accessible parking modifications, pavement regrading, or the installation of automatic door openers. *Id*. at 1. The Court therefore awarded 33% of the requested attorney's fees and expenses, for a total award of $88,354.54. *Id*. at 6.

On September 4, 2024, Defendant moved for a new trial. [D.E. 76]. The motion sought a new trial on two issues: (1) whether the curb ramp at Fu's Garden could be modified to comply with the ADA, and (2) whether Plaintiff had standing. *Id*. at 5. Defendant's curb-ramp argument relied on purportedly new evidence, including an engineering report by Parker Atkins and architectural renderings prepared by ARC Three Architects. [Atkins Report, D.E. 76-1]. In that report, Mr. Atkins asserted that ADAAG toilet stall clearance specifications apply to the exterior sidewalk, such that the width of the accessible route must be reduced by the space

5

temporarily occupied by the restaurant's front door swing. *Id*. at 2. As to standing, Defendant offered new albeit irrelevant evidence that a different restaurant employed more than one cook, contending that this fact undermined the Court's prior finding on standing. [D.E. 76] at 12-13; *see also* [Southwell Aff., D.E. 76-2].

Even after Defendant filed its unfounded Motion for New Trial, Plaintiff attempted to resolve the matter amicably in order to short circuit the coming additional time and costs. Joint Declaration of Plaintiff's Counsel, filed contemporaneously herewith ("Joint Decl."), at ¶ 15. Specifically, Plaintiff made settlement overtures to Defense counsel via email on at least three occasions (Dec. 19, 2024, Jan. 7, 2025, Jan 14, 2025). *Id.* ¶ 16. However, each of these attempts to restart negotiations was rebuked by Defendant. *Id.* ¶ 17.

Significant litigation followed, including motions practice, expert analysis, discovery, and oral argument. Plaintiff filed his opposition to Defendant's motion for a new trial on September 18, 2024, which necessitated a responsive expert report from his expert, Patrick Sullivan. [Pl. Opp. Br., D.E. 80]; *see also* [Sullivan Report, D.E. 80-1]. Meanwhile, Plaintiff moved to strike not one but two expert reports attached to Defendant's opening and reply briefs. *See* [Pl. Mot. to Strike, D.E. 81], [Pl. Second Mot. to Strike, D.E. 85]. As Plaintiff explained at length, these efforts

6

were necessary to preserve the integrity of the appellate record.[2]

Following oral argument, the Court granted the motion for new trial (without deciding the scope), denied the motions to strike, and directed the parties to submit briefs stating their respective positions on which issues should be re-tried. [Minute Entry, D.E. 88]. The parties filed their respective trial position briefs on January 17, 2025. [Pl. Trial Pos. Br., D.E. 95], [Def. Trial Pos. Br., D.E. 96].

Given that Mr. Atkins' new reports were based on architectural renderings, Plaintiff subpoenaed documents from the firm (Arc Three) on January 15, 2025. [Arc Subpoena, D.E. 93]. Defendant moved to quash the subpoena, setting off another round of briefing culminating in a January 31, 2025 oral argument. [Def. Mot. Quash, D.E. 97], [Pl. Opp. to Mot. to Quash, D.E. 98]. While the Court granted the motion in part, it required Defendant to provide many of the documents sought by Plaintiff. [Minute Entry, D.E. 100].

On February 12, 2025, the Court held another hearing, denying the motion for new trial with respect to standing but granting it with respect to the readily

---

[2] *See* [D.E. 81] at 1-2 (noting while "motions to strike are often unnecessary in opposing Rule 59 motions, particularly in bench trials … there is an important exception [where] a party uses Rule 59 to improperly supplement the record for appeal with new evidence (especially expert evidence)"); *see also* [D.E. 85] at 2-3 ("Plaintiff is mindful of not burdening the Court's docket with motions to strike. But in the unlikely event that the Court grants Defendant's Rule 59 motion, Plaintiff must take steps to clear the docket of these improper materials to safeguard his position on appeal.").

achievability of remodeling the inaccessible curb ramp. [Hearing Transcr., D.E. 105-1] at 2:9-22. The Court ordered the parties to brief the extent to which the record would be supplemented at trial. *Id.* at 3:2-20.

On March 14, 2025, Defendant filed its supplemental brief, attaching the Atkins and Bernstein materials. [Def. Supp. Rec. Br., D.E. 102]. On April 16, 2025, Plaintiff responded and also moved for entry of judgment without further proceedings. [Pl. Resp. Br. & Mot. for Judgment, D.E. 105]. In that filing, Plaintiff explained that Defendant's request for a new trial turned on a purely legal question— whether the restaurant's exterior entrance door must be treated as a toilet stall under the ADAAG simply because the interior of the restaurant contains a restroom elsewhere. *Id.* at 3. The filing also afforded Plaintiff the opportunity to present the newly obtained ARC Three documents, including schematics in which Defendant's own architects identified an ADA-compliant ramp remodel solution which would satisfy the Court's Final Judgment. These materials directly contradicted Defendant's prior sworn testimony that its architects had "developed multiple drawings, none of which comply with the ADA," which formed the basis of the new trial motion. *Id.* at 18-21 (quoting [Bernstein Aff., D.E. 76-1] ¶ 4).

On March 13, 2026, the Court entered its Memorandum and Order, holding:

> Based on a careful review of the brief to supplement the
> trial record, the response, and the reply, the full record, and

8

> the applicable law, the court finds and concludes that the property's new evidence does not warrant modifying the judgment. Thomas's motion for entry of judgment, (Docket Entry No. 105), is granted. The final judgment, (Docket Entry No. 73), is not modified.

[Mem. & Order, D.E. 107] at 2. In that Order, the Court agreed with Plaintiff that Defendant's expert improperly relied on ADAAG Chapter 6, which covers plumbing elements, rather than the applicable provisions of Chapter 4, which cover accessible routes. *Id.* at 5.

Accordingly, despite extensive post-judgment motion practice, expert submissions, discovery, and oral argument, the final judgment remained unchanged, and Plaintiff successfully defended the claim on which he had originally prevailed. Moreover, a similar reduction to Plaintiff's attorney time (based on results obtained in the trial phase) is not warranted regarding the post-trial fees and costs because Plaintiff successfully defended the entirety of the Final Judgment.

### ATTORNEY HOURS EXPENDED AFTER AUGUST 22, 2024

Attached hereto as Exhibit A is an itemized billing record indicating the time spent by each attorney and paralegal on each particular task since August 22, 2024 (the date Plaintiff filed his prior fee application). Joint Decl. ¶¶ 7, 18, 61. Exhibit A further categorizes each task. *Id.* ¶ 19.[3] The itemization was prepared from

---

[3] The lodestar attributable to each category is: Defendant's motion for fees and costs ($987); Plaintiff's first motion for fees (hours incurred post-submission of motion) ($294); Defendant's

9

contemporaneous time records regularly prepared and maintained by Plaintiff's counsel. *Id*. ¶ 20.

The hours were all reasonably expended in the prosecution of this case, and no unnecessary duplication of effort occurred with respect to any of these hours. *Id*. ¶¶ 17, 21, 62-64. As the chart below demonstrates, though multiple attorneys worked to defend the court's final judgment, the vast majority of work was completed by Brian Ku. *Id*. ¶¶ 22, 30.

Further, Plaintiff's counsel exercised reasonable 'billing judgment,' and excluded from compensation those hours that were arguably redundant, excessive, or duplicative. *Id*. ¶¶ 21-28; *see also* Ex A (reducing time comprising communications between counsel and review of another attorney's work by 50 percent). Plaintiff has likewise reduced by 67% the additional hours incurred in connection with his original fee petition (and Defendant's motion for fees) after the opening motion for fees was filed—hours that were not previously before the

---

Motion for new trial or to alter the Final Judgment (and related briefing) ($34,094); Legal, factual, and technical analysis regarding the curb ramp/sidewalk issue ($3,750); Plaintiff's two motions to strike ($18,023); client communications since August 22, 2024 ($675); Briefing as to the issues presented for trial ($10,659); Post-judgment discovery of the architectural firm ARC Three Architects (and related disputes) ($10,588); Plaintiff's combined motion for entry of judgment and brief to supplement trial record ($20,057); and the instant fee application ($11,991). *Id*. ¶ 19.

Court—consistent with the Court's prior across-the-board reduction. [4] *Id.* ¶¶ 25, 27; *see also* Ex. A. Indeed, 45 percent of Plaintiff's 290 individual attorney-time entries have been reduced. *Id.* ¶ 26; *see also* Ex. A. This resulted in a 10 percent deduction of Plaintiff's lodestar. *Id.* ¶¶ 26, 63.

The exhibit reflects the lodestar calculation using the firm's March 2026 billing rates applied in this matter, which represent a modest increase from the 2024 rates—from $355 per hour to $375 per hour for Mr. Ku and Mr. Mussman. *Id.* ¶¶ 30, 45-47. After the considerable deductions for billing judgment discussed above, the lodestar calculation by professional is:[5]

| Professional | Title | Hours | Rate | Lodestar |
|---|---|---|---|---|
| Brian Ku | Partner (24th year) | 247.35 | $375 | $92,756.25 |
| Louis Mussman | Partner (24th year) | 41.73 | $375 | $15,648.75 |
| John K. Grubb *Board Certified | Local Counsel (50+ years) | 3.93 | $550 | $2,161.50 |
| Reyna Sarmiento | Paralegal | 5 | $110 | $550.00 |
| | TOTAL: | 298.01 | | $111,116.50 |

*Id.* ¶ 30.

---

[4] The Court ruled on the fee application one day after Defendant filed its opposition brief, and thus Plaintiff did not supplement the record with the hours incurred after the opening brief was filed. Joint Decl. ¶¶ 27-28.

[5] While counsel billed in one-tenth hour increments (0.1), the application of billing judgment reductions resulted in amounts carried to an additional decimal place. Joint Decl. ¶ 30 fn. 1.

11

**LEGAL STANDARD**

"The ADA allows a prevailing party to recover reasonable attorneys' fees, including litigation expenses and costs." *Thomas v. 5860 San Felipe Ltd.*, No. 22-2001, 2024 WL 4108774, at *1 (S.D. Tex. Sept. 6, 2024) (citing 42 U.S.C. § 12205). "To evaluate the reasonableness of a prevailing party's fee submission, the court uses a two-step process." *Id.* (citing *Hopwood v. Tex.*, 236 F.3d 256, 277 (5th Cir. 2000); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998)). "First, the court calculates a 'lodestar' amount by multiplying the reasonable number of hours spent on the case by reasonable hourly rates." *Id.* (citations omitted). "Reasonable hourly rates are calculated 'according to the prevailing market rates in the relevant community.'" *Id.* (quoting *McClain v. Lufkin Indus.*, 649 F.3d 374, 381 (5th Cir. 2011)). "'The prevailing market rates for similar services by similarly trained and experienced lawyers in the relevant legal community is the established basis for determining a reasonable hourly rate.'" *Id.* (quoting *Villegas v. Regions Bank*, 2013 WL 76719, at *3 (S.D. Tex. Jan. 4, 2013) (further citations omitted)).

"The court may apply the twelve factors set out in *Johnson* to the lodestar to decide whether it should be adjusted up or down." *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). "The *Johnson* factors consist of: (1) the time and labor involved; (2) the novelty and difficulty of the

12

questions involved; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the proceedings; and (12) awards in similar cases." *Id.* (citing *Johnson* at 717-19).

**LAW AND ARGUMENT**

**I.    Plaintiff Prevailed on 100% of the Post-Judgment Relief Sought by Defendant**

A "'prevailing party' is one who has been awarded some relief by the court." *Salazar v. Maimon*, 750 F.3d 514, 521 (5th Cir. 2014) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001)).

This Court has already held that Plaintiff is the prevailing party. [D.E. 78] at 3. Plaintiff not only remains the prevailing party, but—unlike the period preceding his initial fee application, when he succeeded on only a subset of his claims (i.e., certain alleged barriers)—he has now prevailed on 100% of the claims (barriers) challenged by Defendant in the post-judgment proceedings.

Defendant's post-judgment efforts consisted of attempts to have the Court modify or vacate its final judgment on two grounds: (a) that Plaintiff lacked standing,

13

and (b) that remediation of the curb ramp at Fu's Garden was not readily achievable. [D.E. 76] at 5. Plaintiff prevailed on both issues, as the Court granted Plaintiff's Motion for Entry of Judgment and declined to modify the judgment. [D.E. 107] at 2.

## II. The Court's Prior Fee and Expenses Award Should Be Reaffirmed Plus Interest Pursuant to 28 U.S.C. § 1961

On September 6, 2024, this Court awarded Plaintiff $83,826.13 in attorneys' fees and $4,528.41 in expenses and costs. [D.E. 78]. Despite Defendant's efforts, the Court did not alter the final judgment. No intervening event has undermined the basis for that award; to the contrary, Plaintiff's subsequent victory on the supposedly new issues confirm the propriety of the original fee determination. Although Plaintiff need not seek this relief again, he does so out of an abundance of caution and respectfully requests that the Court reaffirm its prior award, which may also obviate the need for further unnecessary briefing.

Plaintiff also seeks post-judgment interest on the original $83,826.13 fee award. "Plaintiff is entitled to post-judgment interest on the award of attorney's fees, …and such interest will be awarded to effectuate the benign, remedial purposes of the civil rights legislation[.]" *Wells v. Hutchinson*, 499 F. Supp. 174, 212 (E.D. Tex. 1980) (citing *Gates v. Collier*, 616 F.2d 1268, 1272-79 (5th Cir. 1980)).

Under Section 1961, "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury

14

yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Further, "[i]nterest shall be computed daily to the date of payment…and shall be compounded annually." 28 U.S.C. § 1961(b).

Here, this amounts to $6,490 (reflecting the 596 days between the final judgment and the date of this filing), plus an additional $11.18 per day from March 27, 2026 through the date of payment. Joint Decl. ¶¶ 31-37 (explaining calculation with citations).

### III.  Plaintiff Should be Awarded Supplemental Attorney's Fees of $111,116, Representing his Full Lodestar Subject to Billing Judgment, Plus Interest Pursuant to 28 U.S.C. § 1961

Subject to the significant billing judgment reductions described above, Plaintiff should be awarded his full $111,116.50 lodestar for the work reasonably and necessarily incurred in connection with Defendant's failed efforts to vacate or modify the final judgment.

The ADA's fee-shifting provision encompasses fees incurred in "any action or administrative proceeding," 42 U.S.C. § 12205, which includes post-judgment proceedings to enforce or preserve a judgment. "This principle applies not only to the cost of obtaining a favorable judgment but also to the cost of successfully defending that judgment [including] post judgment motions[.]" *Weyant v. Okst*, 198

15

F.3d 311, 316 (2d Cir. 1999) (citations omitted);[6] *see also Rizzo v. Children's World Learning Centers, Inc.*, 173 F.3d 254, 263 (5th Cir. 1999), on reh'g en banc, 213 F.3d 209 (5th Cir. 2000) (noting "long and consistent line of Fifth Circuit precedent [allowing] awards of attorneys' fees for both trial and appellate work").

To deny fees for successful post-judgment work would undermine the policy behind the ADA's fee shifting provision. As the Second Circuit explained:

> A culpable defendant should not be allowed to cause the erosion of fees awarded to the plaintiff for time spent in obtaining the favorable judgment by requiring additional time to be spent thereafter without compensation. Thus, a reasonable fee should be awarded for opposing the culpable defendant's unsuccessful post judgment motions.

*Weyant*, 198 F.3d at 316. In short, "there is no question that plaintiffs are entitled to attorneys' fees to cover the fees incurred during the entire course of this unnecessarily protracted litigation." *Marks v. Prattco, Inc.*, 633 F.2d 1122, 1126 (5th Cir. 1981).

### A.    Plaintiff's Hourly Rates are Reasonable

This Court has already found Plaintiff's 2024 hourly rates to be reasonable with respect to the instant action. As noted in the original fee order:

---

[6] *Weyent* dealt with a 42 U.S.C. § 1988 fee award, but as the Fifth Circuit explained, "[e]ach circuit that has addressed the issue has concluded that the considerations that govern fee-shifting under…42 U.S.C. § 1988 apply to the ADA's fee-shifting provision, because the almost identical language in each indicates Congress's intent to enforce them similarly." *No Barriers, Inc. v. Brinker Chili's Texas, Inc.*, 262 F.3d 496, 498 (5th Cir. 2001).

16

> Thomas's attorneys' hourly fees are $355 per hour for Mr. Ku and Mr. Mussman, who each have 22 years of litigation experience, (Docket Entry No. 74-6), and $550 per hour for Mr. Grubb, local counsel with 50 years of litigation experience, (Docket Entry No. 74-7), albeit primarily in family law. These fees are comparable to what other courts in this district have found to be reasonable.

[D.E. 78] at 4 (citations omitted). Further, "[t]he hourly fees charged for work performed by paralegals supervised by Thomas's attorneys, $110 per hour, is also commensurate with what other courts in this district have recently found to be reasonable." *Id.* at 5.

Here, Plaintiff seeks the same rates for local counsel and paralegal work. Joint Decl. ¶ 44. As for Messrs. Ku and Mussman, Plaintiff requests a $20 increase in their hourly rates (to $375) to reflect their additional two years of experience. *Id.* ¶ 45. These new rates represent the firm's customary 2026 billing rates for cases in this jurisdiction and reflect a modest annual increase of approximately 2.8%, consistent with inflation. *Id.* ¶¶ 46-47; *see also* [Pl's Fee Mot., D.E. 74-1], at 14-16 (citing cases supporting these rates).

## B.    The Number of Hours is Reasonable

As reflected in the Joint Declaration and billing records, the hours expended in this matter are reasonable, and Plaintiff exercised sound billing judgment (waiving of 10% of counsel's fees). Accordingly, the Court should award fees for the full 298

17

hours sought for Plaintiff's attorneys' and paralegal's time.

"The party seeking fees has the burden of showing the number of hours expended by presenting adequate time records as evidence." *5860 San Felipe Ltd.*, 2024 WL 4108774, at *2 (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)). "The court should exclude from the number of hours any time that is excessive, duplicative, unnecessary, or inadequately documented…In determining whether the time spent was reasonable, a court examines the billing records to determine whether the attorneys demonstrated adequate billing judgment by '[writing] off unproductive, excessive, or redundant hours.'" *Id.* (quoting *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996)).

Here, Plaintiff has submitted itemized time records with even greater detail than those provided in the initial fee application. *See* Ex. A. These records now include categorical breakdowns (*see supra* fn. 3 for lodestar per category). *Id.* Further, rather than applying a general 5% across-the-board reduction—previously recognized by this Court as reflecting sound billing judgment—Plaintiff has applied targeted reductions of 50% and 67% to 132 out of 290 attorney entries, resulting in an overall billing judgment reduction of slightly more than 10% of his lodestar. Joint Decl. ¶ 26.

All hours sought in this fee application should be compensated. The work

18

performed was necessary to defend this Court's final judgment, reasonable in scope, and of the type routinely compensated in civil rights fee-shifting cases in this Circuit. Notably, by moving for entry of final judgment as the parties were approaching trial, Plaintiff avoided substantial trial preparation and trial time, thereby conserving both party and judicial resources.

### C.     The *Johnson* Factors Do Not Warrant a Lodestar Reduction, as Plaintiff Achieved Complete Success as to Post-Trial Objectives

Here, the Johnson factors do not warrant any reduction of the lodestar. Because most of the Johnson-factor analysis remains unchanged from Plaintiff's initial fee application, Plaintiff respectfully refers the Court to that prior briefing for the discussion of the largely static factors. See [Pl.'s Fee Mot., D.E. 74-1] at 19–22.

The eighth *Johnson* factor—the "results obtained"—further confirms that no reduction is appropriate. Unlike the original fee application—which was reduced because Plaintiff prevailed on only a subset of the alleged barriers—no such reduction is warranted here, as the sole challenged barrier in the final judgment remained unchanged, resulting in complete success in post-trial terms. Plaintiff's objective in these proceedings was to preserve the favorable judgment, and he achieved that objective in full, with the Court concluding that "[t]he final judgment … is not modified." [D.E. 107] at 2. Thus, a single across-the-board cut based on the results obtained would not be appropriate here, given Plaintiff's total success during

19

this phase of the litigation. *See, e.g., Herridge v. Montgomery County*, No. 19-4259, 2024 WL 5059167 (S.D. Tex. Dec. 10, 2024) (evaluating "results obtained" on a phase-by-phase basis and limiting any reduction to stages in which the plaintiff did not prevail, rather than applying a blanket, across-the-board cut).

### D.    Post-Judgment Interest Pursuant to 28 U.S.C. § 1961

Plaintiff is also entitled to post-judgment interest on any supplemental fee award, accruing from March 13, 2026—the date on which the Court declined to disturb the final judgment—and continuing until payment is made. If the Court awards Plaintiff the full fee amount sought, the applicable interest equals $10.84 per day for the first twelve months (and compounded annually thereafter). Joint Decl. ¶¶ 40-41 (explaining calculation with citations). If the Court awards a different amount, interest should be calculated at a daily rate of 0.009753% for the first twelve months (and compounded annually thereafter). *Id.* ¶ 42.

### IV.    Plaintiff's Supplemental Litigation Costs and Related Expenses Should be Reimbursed

Plaintiff seeks reimbursement for his supplemental costs and related expenses in the amount of $6,533.36. *Id.* ¶ 66.  In this case, some costs may be taxed pursuant to 28 U.S.C. § 1920, while the broad powers granted under 42 U.S.C. § 12205 allow for additional taxable costs. *Id*. Plaintiff's costs sought under 28 U.S.C. § 1920 and 42 U.S.C. § 12205, respectively, are itemized as part of Exhibit D which is further

20

backed up with proof of certain cost items attached in Exhibits E and F.  See also Joint Decl. ¶¶ 10-12.  Each of these cost items was reasonably incurred in the prosecution of this case and were necessary for Plaintiff's further success in this matter. *Id.* ¶ 67, 70, 79-80.

### A.    Costs Taxed Pursuant to 28 U.S.C. § 1920

Plaintiff seeks $650.09 in supplemental costs taxed pursuant to § 1920. [7] Joint Decl. ¶¶ 68-71. "Under 28 U.S.C. § 1920, a court may tax the following costs: fees of the clerk and marshal; fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and copies of papers necessarily obtained for use in the case; docket fees; compensation of court-appointed experts, interpreters, and special interpretation services." *Mota v. Univ. of Tex. Houst. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001).  Accordingly, Plaintiff seeks reimbursement for the following costs pursuant to 28 U.S.C. § 1920: (i) service of a third-party subpoena on Arc Three Architects ($309.84); (ii) hearing transcript fees of the court reporter ($239.25); and (iii) in-house printed copies of materials ($101) billed at 0.25 cents per page. Joint Decl. ¶ 69.

---

[7] Alternatively, the Court may award all costs under its additional authority in civil rights cases.

**B.    Additional Costs and Expenses Pursuant to 42 U.S.C. § 12205**

Plaintiff seeks an additional $5,883.27 in supplemental litigation expenses pursuant to 42 U.S.C. § 12205 for recovery of "litigation expenses and costs[.]" Costs recoverable under § 12205 include, *inter alia*, expert fees and electronic research costs. *See, e.g., Hawthorne v. KS Mgmt. Servs., LLC*, No. 17-2350, 2022 WL 2136900, at *4-5 (S.D. Tex. May 17, 2022) (awarding legal research costs under § 12205, and noting that ADA also allows for recovery of expert witness fees); *Johnson v. Callanen*, No. 22-409, 2024 WL 4580417, at *3 (W.D. Tex. Aug. 27, 2024) ("courts regularly award costs for postage, legal research, PACER fees, and travel expenses under § 12205 when those costs were necessarily incurred").

Here, Plaintiff seeks reimbursement for the following pursuant to § 12205: Patrick Sullivan's expert witness fees ($5,145.00); PACER document retrieval costs ($31.70); legal research costs (Westlaw charges) ($697.89); and postage costs ($8.68). Joint Decl. ¶ 73. As the Court is aware, Mr. Sullivan was required to respond to Defendant's purported expert. *See* [Sullivan Affidavit, D.E. 80-1]; *see also* Ex. E (Mr. Sullivan's invoice).

All of the above referenced costs were reasonable and necessarily incurred for the successful prosecution of this matter. Joint Decl. ¶ 67, 70, 79-80. Consequently, Plaintiff requests that his combined Section 1920 and 12205 supplemental costs be

22

awarded in the amount of $6,533.36. *Id.* ¶ 66. In an abundance of caution, Plaintiff also requests that this Court reaffirm its previous cost award of $4,528.41.

## CONCLUSION

WHEREFORE, pursuant to 42 U.S.C. § 12205 and 28 U.S.C. § 1920, Plaintiff respectfully requests that the Court grant this Motion and direct Defendant to pay Plaintiff $83,826.13 in previously awarded fees, $6,490 in post-judgment interest on said fees, $4,528.41 in previously awarded costs, $111,116.50 in supplemental attorney's fees, $151.76 in post-judgment interest on supplemental fees, and $6,533.36 in supplemental costs, for a total of **$212,646.16**. Plaintiff also seeks additional post-judgment interest on the original and supplemental fee awards at a rate of **$22.02 per day** from March 27, 2026, through the date of payment.

23

DATE: March 27, 2026    Respectfully submitted,

**KU & MUSSMAN, P.A.**

By: */s/ Brian T. Ku*
Brian T. Ku, Esq.
Attorney-in-charge
S.D. Tex. No. 3424380
Louis I. Mussman, Esq.
S.D. Tex. No. 2274288
18501 Pines Boulevard, Suite 362
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Brian@kumussman.com

*and*

John K. Grubb, Esq.
Local Counsel
State Bar No. 08553500
2520 Robinhood, Ste. 500
Houston, Texas 77005
Tel: (713) 702-1808
jgrubb@grubblegal.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of March, 2026, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send notice of electronic filing to all counsel of record.

By: */s/ Brian T. Ku*
Brian T. Ku